HOOD, Judge.
Eddie Thiery instituted this suit against Motors Insurance Corporation and Diesi Pontiac-Cadillac-Buick, Inc., to recover damages sustained by him when his car was struck from the rear by another vehicle. The trial court rendered judgment dismissing the suit as to Diesi, but condemning Motors Insurance Corporation to pay to plaintiff the sum of $295.00. Motors Insurance appealed, and plaintiff has answered the appeal demanding that the amount of the award be increased. We affirm.
The issues presented relate to the extent of the damage done to plaintiff’s automobile, and the cost of repairing those damages.
Thiery purchased a used 1961 model Pontiac automobile from Diesi on March 27, 1968. The purchase price was $490.00. Four days later while the car was legally parked on a city street in Opelousas, it was struck from the rear by another vehicle. The blow was of sufficient force to knock plaintiff’s car a distance of about three car lengths.
*183 Thiery’s car was damaged as a result of this collision. The body of the vehicle sustained substantial damages, and when an attempt was made to drive the car away from the scene it was discovered that the gears could not be shifted. The car was taken promptly to Diesi’s place of business for repairs, but the parties were not able to agree on the work which was to be done, and consequently it was not repaired.
At the time the car was purchased, Diesi’s salesman informed plaintiff that the transmission was guaranteed for 30 days. Also, on the day plaintiff bought the car, an automobile insurance policy was issued to him by Motors Insurance Corporation, which policy included $50.00 deductible collision coverage.
Plaintiff made a demand on Motors Insurance for the cost of repairing the damage to his car, the demand being made under the collision coverage provided in the policy. The insurer’s adjuster estimated the damages at $190.00, plus “two small parts” which he added to the estimate. The record does not show the cost of these added parts. The insurer authorized the repairs estimated by the adjuster to be made, subject to Thiery’s approval and his agreement to pay the $50.00 deductible portion of that amount. Thiery did not agree to this proposal, because it did not include the repair of the transmission. He explained that the car would be useless to him without a working transmission, and that he was unwilling to settle his claim solely for the repair of the body damage.
The evidence convinces us, as it obviously did the trial judge, that the transmission was damaged as a result of the accident. The transmission apparently functioned immediately before the accident occurred, and it did not function immediately after the car was struck. A mechanic who examined the car after the accident testified that a substantial blow to the rear of the vehicle, such as the one sustained here, could damage a transmission, but that it would be necessary to take the transmission out to determine the extent of the damages. That was not done in this case. Under these facts, we conclude that the transmission, as well as the body of the car, was damaged.
The estimate made by the defendant insurer did not include the repair of the transmission. The evidence shows that the mechanics who inspected the car after the accident were unable to determine whether the transmission had been damaged or the extent of that damage, because they could not start the motor of the car. We have concluded that as a result of the accident the transmission was damaged to the extent that it would not function. In the absence of any other showing as to the condition of the transmission, we conclude that the measure of that item of damage should be the cost of replacing the damaged transmission with a used one.
A mechanic called by defendant testified that a used transmission for the car would cost from $125.00 to $150.00. The evidence does not indicate what the cost of installing it would be, so no award can be made for labor. On the basis of the evidence presented, we conclude that it would cost $150.00 to replace the damaged transmission.
The cost of replacing the transmission, plus the $190.00 estimate made by defendant for other repairs, makes a total repair cost of $340.00. Under the policy, $50.00 must be deducted, leaving the insurer liable to plaintiff for the remaining balance of $290.00. The trial judge allowed plaintiff $295.00. We have decided that the slightly higher award made by the trial court is justified, because the insurer’s adjuster testified that he had added “two small parts” to the $190.-00 estimate, and that could account for the additional sum of $5.00 allowed in the judg *184 ment appealed from. We thus will not disturb the award made by the trial court.
The evidence fails to show that plaintiff is entitled to recover any additional sums, and for that reason the demand contained in his answer to the appeal is rejected.
Motors Insurance filed a third party demand against Diesi, praying that in the event Motors Insurance is cast in judgment, it recover the same amount from Diesi. That demand was based on allegations that plaintiff’s car was not damaged as a result of the accident, that the defects found in the car existed at the time it was sold to plaintiff, and that Diesi is liable under its warranty.
At the trial of the case counsel for Motors Insurance Corporation informed the court that “we would like to withdraw the third party action against Diesi, as far as we’re concerned, we don’t care to go against Diesi.” In spite of that withdrawal, counsel for Motors Insurance Corporation argues alternatively in this court that it is entitled to recover against Diesi any sums which it may be condemned to pay plaintiff.
We have found that the automobile was damaged as a result of the accident which occurred on March 31, 1968. We now hold that the entire amount awarded by the trial court was for the repair of those damages. There is no merit, therefore, to the third party demands of Motors Insurance Corporation.
We have not considered plaintiff’s demands against defendant Diesi, because the trial court rendered judgment dismissing plaintiff’s suit as to that defendant, and plaintiff has not appealed.
The judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant, Motors Insurance Corporation.
Affirmed.