467 So.2d 1309 (1985)
GILES LAFAYETTE, INC., Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.
No. 84-302.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
Rehearing Denied May 14, 1985.
Writ Denied June 28, 1985.
*1310 Hannah & Kaufman, Hank Hannah and David Kaufman, Lafayette, for plaintiff-appellee.
Alan K. Breaud of Mouton, Roy, Carmouche, Bivins, Judice & Henke, Lafayette, for defendant-appellant.
Before FORET, STOKER and KNOLL, JJ.
STOKER, Judge.
This is a suit by Giles Lafayette, Inc. for property damage sustained as the result of a two-vehicle accident which occurred on September 30, 1982. The damaged automobile is a used 1979 Datsun 280ZX owned by Giles and driven at the time of the accident by Billy Shoultz, an employee of Giles. Defendant, State Farm Mutual Automobile Insurance Company, deposited the sum of $3,979.95 into the Registry of Court, representing property damage based upon a written estimate of $3,365.42, depreciation to the automobile of $500, and legal interest of $114.53. The trial court awarded Giles Lafayette, Inc. the sum of $5,675, the difference between the market value of the vehicle and its "salvage value."
State Farm appeals contending the owner of the vehicle is entitled only to the cost of repairing it and not to the market value, less the salvage value. We agree. We amend the judgment of the trial court accordingly and affirm.
The case of Traders & General Insurance Company v. Robison, 289 So.2d 178 (La.App. 1st Cir.1973), sets forth the general rules for awarding damages for damage to an automobile:
"As a general rule, recovery in cases of damages to an automobile is limited to cost of repair. Thiery v. Motors Insurance Corporation [1971], La.App., 255 So.2d 181; Cloney v. Travelers Insurance Company [1971], La.App., 253 So.2d 83. Where, however, a vehicle is totally destroyed, or so badly damaged *1311 that the cost of repair exceeds its value, the measure of damages is the value of the vehicle less its salvage value. Bernard v. Fidelity & Casualty Company of New York [1966], La.App., 186 So.2d 904; Cloney, above. Where an award of cost of repair is the measure of damages in a case involving damages to an automobile, additional damages may be recovered for diminution of value by virtue of the vehicle having been involved in an accident, provided proof of such diminished value be made. Gary v. Allstate Ins. Co. [1971], La.App., 250 So.2d 168."
Here the vehicle was not so badly damaged that the cost of repairs exceeded the value of the vehicle before the accident. The estimated cost to repair the car was $3,716.65, while Giles argued that the value of the vehicle before the accident was $9,375. The owner, Giles, may not receive the market value, less the salvage value. Coleman v. Victor, 326 So.2d 344 (La. 1976). His recovery must be limited to the cost of repair and any proven decrease in the value of the car.
Giles introduced into evidence an estimate prepared by a body shop of the cost to repair the car. The total of the estimate is $3,716.65. There was no other evidence as to what it would cost to repair the car. We accept this as the cost of repair. Donald Faulk, who prepared the estimate and who owns the body shop, testified that the estimate included all items needed for a good repair, which would bring the car within factory tolerance. However, he testified that the steering would be altered somewhat and things would not fit exactly as they were before. Since the car can be repaired to within factory tolerances, we do not consider it beyond repair, even though it may not be exactly the same as before the accident.
There was no evidence of the amount of decrease in the value of the car as the result of having been in an accident. Gerald Lagraize, a used car wholesale broker, testified that having been in an accident will decrease the value of a car. He testified as to how much the car sold for retail, but he testified he did not have the car fully repaired because he had to cut some corners to try to make money. He spent only $1,500 on repairs, as opposed to the estimate of $3,715.65 to repair the car. Steve Gregory, an automobile wholesaler and the used car manager for Giles at the time of the accident, testified that after a car has had structural damage it would be worth considerably less, depending on how good a repair job is done on the car. Robert Giles, the president and major stockholder of Giles, testified that a car that has had front end and frame damage has a decreased value. None of Giles' witnesses testified as to how much the value of the car would decrease as a result of the accident. Since there is no evidence of the amount of decrease in the value of the car as the result of the accident, we will not award damages for the diminution in value.
Since the entire record is before this court, we will not remand the case to the trial court but, for purposes of judicial economy, will amend the trial court judgment on the basis of the evidence. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
The judgment of the trial court is amended to reduce plaintiff's judgment to $3,716.65, the total cost of repairs to the damaged vehicle.
The cost of the proceedings in the trial court and the cost of this appeal are assessed to plaintiff-appellee.
AFFIRMED AS AMENDED.