647 So.2d 419 (1994)
Greggory E. DAVIES, Plaintiff-Appellee,
v.
AUTOMOTIVE CASUALTY INSURANCE, et al., Defendant-Appellant.
No. 26112-CA.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1994.
*420 Kelly W. Strickland, Shreveport, for appellant.
Charles B. Bice, Winnfield, for appellee.
Before LINDSAY, HIGHTOWER, VICTORY and BROWN, JJ.
LINDSAY, Judge.
Louisiana Insurance Guaranty Association (LIGA) appeals a trial court judgment awarding damages to the plaintiff, Greggory E. Davies, arising out of an auto accident. LIGA contends that the trial court erred in making an excessive award for the plaintiff's general damages. Further, LIGA contends that the court's property damage award was also excessive, since the total award for repairs and depreciation exceeded the preaccident value of the plaintiff's vehicle. The judgment of the trial court is affirmed in part and reversed in part.

*421 FACTS
Seeking to recover damages arising out of an auto accident that occurred in March, 1992 in Winnfield, the plaintiff sued James Hammonds, the driver of the vehicle which struck him, the driver's insurer and LIGA. The parties stipulated that the driver's insurer had been declared insolvent. LIGA admitted liability and the plaintiff agreed to dismiss the suit against the driver. Further, the parties stipulated the property damage totaled $1,700.36, and LIGA was entitled to a credit of $680, previously paid to the plaintiff by the insurer.
The plaintiff testified that at impact he was jarred and shifted to the middle of the seat. He also hit his arm on the side vent window. The plaintiff experienced mild discomfort and soreness for a week to ten days. He went to see a doctor who did not find any serious injuries and instructed the plaintiff to return in two days if he did not improve. The plaintiff did not return to the doctor. At the time of the accident, the plaintiff was assisting two carpenters building an addition to his home. Due to his injuries, he was unable to assist for a week. The plaintiff stated that he slept much of the time because he was unable to do anything else.
The trial court accepted Charles J. Griffin, a used car dealer, as an expert in the purchase and selling of used vehicles, in the value of vehicles before and after collision damage and repair, and in depreciation of vehicles. Griffin knew Davies and was very familiar with his 1978 Ford pickup which had mileage in the 70,000 range at the time of the accident. Griffin valued the truck at $2,500 at the time of the accident. The value of the truck after repairs was placed at $1,300.
Describing the general damages as minimal, the trial court awarded the plaintiff $1,000. Regarding damages to the vehicle, the court awarded Davies $1,700.36, subject to a credit of $680 previously paid by the driver's insurer. Stating that the value of the truck had depreciated following repairs and noting that Griffin's testimony was the only evidence adduced regarding the amount of depreciation, the court awarded $1,200 for the decrease in the truck's value. LIGA appealed, arguing that the trial court made an excessive award of general damages. LIGA also argued that the court erred in allowing an award for the depreciation of the vehicle because the combined award for repairs and depreciation, $2,900.36, exceeded the stated prewreck value of the truck, $2,500.

DISCUSSION

A. Personal Injury Award
In the assessment of damages, much discretion is left to the trial court. On appellate review, damage awards will be disturbed only when there has been a clear abuse of that discretion. Appellate courts must review the evidence in the light which most favors the judgment to determine whether the trier of fact was clearly wrong. Theriot v. Allstate Ins. Co., 625 So.2d 1337 (La.1993).
General damages do not have a common denominator and are determined on a case by case basis. They involve physical and mental pain and suffering, inconvenience, loss of intellectual gratification or physical enjoyment, and other factors which affect the victim's life. Boswell v. Roy O. Martin Lumber Company, Inc., 363 So.2d 506 (La. 1978); Prothro v. Dillahunty, 488 So.2d 1163 (La.App. 2d Cir.1986).
Although LIGA contends that the $1,000 general damage award is excessive, LIGA does not show how the trial court abused its discretion. The plaintiff consulted a doctor who examined him and advised him to return if he did not improve. For a week following the accident, the plaintiff was unable to go about his usual activities due to soreness. The plaintiff followed a very conservative regimen of resting until he improved, instead of returning to the doctor. Although at the maximum limits of the trial court's discretion, the award of $1,000 is not an abuse of discretion and that portion of the judgment will be affirmed.

B. Property Damage Award
LIGA also claims that the trial court erred in allowing an award for depreciation of the vehicle, in addition to the amount *422 necessary for repairs. LIGA argues that these amounts exceed the value of the vehicle before the accident and that such an award is improper. This argument has merit.
The issue of the proper measure of property damage in such cases was discussed in Coleman v. Victor, 326 So.2d 344 (La. 1976). According to Coleman, when property is damaged through the fault of another, the primary objective is to restore the property, as nearly as possible, to the state it was in immediately preceding the damage; it is well-settled that the measure of damage is the cost of restoring the property to its former condition. The court noted that intermediate appellate courts have often attempted to formulate tests in assessing damage to property. Three tests have been utilized in determining property damage: (1) Cost of restoration if the damaged item can be adequately repaired; (2) value differential, difference in value prior to and subsequent to the damage, (3) cost of replacement, less depreciation, if the value before and after the damage cannot reasonably be determined, or if the cost of repair is more than the value of the damaged item.
The court in Coleman, supra, stated that the rule of law has long been settled in this state that where a vehicle is damaged, the owner is entitled only to the amount it will cost to place the machine in the same condition it was in before the accident. The court went on to state that no mechanical rule can be applied with exactitude in the assessment of property damages under LSA-C.C. Art. 2315. Each case must rest on its own facts and circumstances supported by proof in the record.
Our state's appellate courts have recognized that, in a case involving damages to an automobile, where an award of repair costs is the measure of damages, additional damages may be recovered for diminution of value by virtue of the vehicle having been involved in an accident. However, proof of such diminished value must be made. Giles Lafayette, Inc. v. State Farm Automobile Insurance Company, 467 So.2d 1309 (La.App. 3rd Cir. 1985), writ denied, 472 So.2d 911 (La.1985); Gary v. Allstate Insurance Company, 250 So.2d 168 (La.App. 1st Cir.1971); Romeo, Inc. v. Broussard, 528 So.2d 231 (La.App. 3rd Cir.1988), writ denied, 533 So.2d 356 (La.1988).
The jurisprudence awarding damages for depreciation involves facts wherein a repaired vehicle decreases in value, despite a quality repair job, solely due to the fact that the vehicle has been involved in a collision. Romco v. Broussard, supra. However, we find these cases to be inapplicable where an additional award of depreciation would exceed the preaccident value of the vehicle.
When a vehicle is, for purposes of an award of damages, a total loss, that is, the cost to repair exceeds the value of the vehicle, then plaintiff is limited to the total value of the vehicle prior to the accident, less the salvage value if plaintiff elects to keep the vehicle. If plaintiff elects to transfer the vehicle to the defendant, the defendant would then be required to pay the preaccident value of the vehicle, but defendant would then be entitled to retain the vehicle.
However, where the vehicle is not a total loss, the owner is entitled to repair costs. Further, as discussed above, under some factual situations, depreciation may be a proper element of damages in order to make the plaintiff whole. In this case, to award the plaintiff $1,200 in depreciation and $1,700.36 to repair the vehicle, results in an award of $2,900.36 for a $2,500 vehicle. Such an award is excessive, especially when the plaintiff also retains the use and ownership of the repaired vehicle. Under these facts, depreciation is not a proper element of damages; this award for depreciation does not result in substantial justice, but rather puts the plaintiff in a position superior to that which existed before the accident. Such an award violates the principle that the plaintiff is entitled only to an award which will compensate him for the actual loss incurred as a result of the damage to his vehicle. Cf. Coleman v. Victor, supra. Under these facts, depreciation is not a proper element of damages.
We find that, where an award of depreciation is not required to make a plaintiff whole, but would cause the plaintiff to profit from the accident, such an award is error. Therefore, *423 under the facts of this case, the plaintiff is entitled to recover the cost of repairs to the vehicle in the amount of $1,700.36. The additional award of $1,200 for depreciation is reversed and vacated.

CONCLUSION
For the reasons stated above, the trial court judgment granting recovery to the plaintiff for general damages and for the cost of repair of the vehicle is affirmed. We also note that the defendant was granted a credit of $680 for sums already paid toward the repair of the vehicle. That part of the judgment awarding the plaintiff damages for depreciation of the vehicle is reversed and set aside. LIGA is exempt from payment of court costs pursuant to LSA-R.S. 13:4521. The judgment is recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Greggory E. Davies in the full sum of Two Thousand Twenty and 36/100 Dollars ($2,020.36), minus $100 provided by LSA-R.S. 22:1382, with legal interest from the date of judicial demand until paid.
IT IS FURTHER ORDERED that the case as to James Hammonds is dismissed with prejudice.
IT IS FURTHER ORDERED that all costs are assessed against the plaintiff.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NORRIS, J., dissents with written reasons.
BROWN, J., dissents with reasons as set forth by NORRIS, J.
NORRIS, Judge, dissents with reasons.
I would affirm the judgment of the trial court. The general damage award for plaintiff's personal injury was not an abuse of discretion. Theriot v. Allstate Ins. Co., 625 So.2d 1337 (La.1993). The parties stipulated that the vehicle could be repaired and how much it would cost. This record also contains evidence deemed credible by the trial court, that the repaired vehicle had decreased in value by $1,200 solely as a result of the collision. The costs of repair plus depreciation in value were properly awarded by the lower court. Romco, Inc. v. Broussard, 528 So.2d 231 (La.App. 3d Cir.1988), writ denied, 533 So.2d 356 (La.1988); Giles Lafayette v. State Farm, 467 So.2d 1309 (La. App. 3rd Cir.1985), writ denied, 472 So.2d 911 (La.1985); and, Gary v. Allstate Ins. Co., 250 So.2d 168 (La.App. 1st Cir.1971).