Dear Mr. Fontenot:
This office is in receipt of your opinion request of recent date wherein you ask several questions regarding the payment of diminished value on property claims by insurers? Specifically, you ask the following:
 1. Is diminished value payable to first party claimants after repairs have been made to motor vehicles?
 2. Is diminished value payable to third party claimants after repairs have been made to motor vehicles?
 3. What circumstances, if any, would prevent an insured or claimant from collecting diminished value (other than the vehicle being considered a total loss)? Or, in the alternative, what circumstances must be present in order to collect diminished value?
"Our courts have recognized that in addition to the actual cost of repairs the owner of an automobile may claim and receive additional damages in the form of depreciation which is compensation for the diminution in value of a vehicle by virtue of the fact that it has been involved in an accident." Gary v.Allstate Insurance Co., La.App. 1st Cir. 250 So.2d 168,169. (1971). "There are three tests for the determination of property damage. (1) Cost of restoration, if the damaged item can be adequately repaired; (2) valued differential, difference in value prior to and subsequent to the damage; and (3) cost of replacement, less depreciation, if the value before or after the damage cannot be reasonably determined or if the cost of repair is no more than the value." Coleman v. Victor, 326 So.2d 344,346, Fn4, (1976). The measure of damages is determined on a case by case basis with its primary objective to restore the property to the state it was in preceding the damage. Davies v. AutomotiveCasualty Insurance, La.App. 2nd Cir., 647 So.2d 419, 421, (1994). Each case must be determined on its individual merits and proof of damage. See Coleman and Davies, supra. Lack of proof of diminished value will result in no award. Proof must be made. Diminished value exists when the repaired vehicle decreases in value despite a quality repair job and solely due to the fact that the vehicle was involved in a collision. A vehicle is a total loss if the costs to repair the vehicle exceeds the value of the vehicle. Plaintiff is then limited in damages to the total value of the vehicle less the salvage value if plaintiff elects to keep the vehicle. If plaintiff elects to transfer the vehicle to the defendant, the defendant would then be required to pay the pre-accident value of the vehicle but defendant would be entitled to retain the vehicle. When the vehicle is not a total loss, the owner is entitled to repair costs. Plaintiff cannot be in a superior position. i.e. better off than he would have been prior to the accident. See Davies, supra p. 422. Each case must be decided on its own merits.
In answer to your specific questions, diminished value will be paid to the person who owns the vehicle that has been damaged unless this claim has been subrogated to the insurance company or the defendant has taken possession of the damaged vehicle. Diminished value is not always payable. It depends on the facts and circumstances of each case.
In response to question, No. 2, diminished value is not payable to third party claimants unless they have paid for the repairs and or taken possession of the damaged vehicle.
In response to question No. 3, diminished value exists when a repaired vehicle decreases in value despite a quality repair job and solely due to the fact that the vehicle was involved in a collision. This would be the only time that someone could collect diminished value. If the claimant cannot show a loss despite a quality repair job, they cannot collect diminished value. At trial, usually the claimant presents an expert in the automotive field who testifies as to the diminished value of the vehicle. However, the claimant can also testify as to the diminished value of the vehicle. It is up to the trier of fact to weight the testimony.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: Kordice Douglas
Assistant Attorney General
RPI/KMD:twa