864 So.2d 254 (2004)
Robert DEFRAITES, Individually and as Representative of those similarly situated
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Oasis Horticultural Services, Inc., Individually and as Representative of all those similarly situated.
No. 03-CA-1081.
Court of Appeal of Louisiana, Fifth Circuit.
January 27, 2004.
Rehearing Denied February 9, 2004.
Writ Denied March 12, 2004.
*256 David L. Haik, Metairie, LA, for Robert Defraites, et al., Plaintiff/Appellee.
Wayne J. Lee, Lesli D. Harris, Stone Pigman Walther Wittmann, L.L.C., New Orleans, LA, for State Farm Mutual Automobile Insurance Company, et al., Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Defendants, Oasis Horticultural Services, Inc. and State Farm Mutual Automobile Insurance Company, appeal from a judgment of the trial court certifying this action as a class. For the reasons stated more fully herein, we reverse the ruling of the trial court and remand the matter for further proceedings.
Facts and Procedural History
On August 2, 2002, plaintiff herein, Robert Defraites, filed the instant class petition pursuant to the provisions of La. C.C.P. art. 591, individually on his own behalf and on behalf of other plaintiffs similarly situated but yet unidentified. Plaintiff named as defendants Oasis Horticultural Services, Inc. and its liability insurance carrier, State Farm Mutual Automobile Insurance Company. Also made defendants in this action were the class of persons insured through State Farm and similarly situated as Oasis Horticultural Services but yet to be identified.
In this petition, Defraites alleged that on July 1, 2002, his vehicle was damaged in an automobile accident with a vehicle owned and operated by Oasis and its employees and insured by State Farm. Defraites alleged that his vehicle sustained both damage in cost of repairs and a diminished *257 value attributable to the vehicle's involvement in the accident. Plaintiff further alleged that although State Farm paid for the costs to repair his vehicle, they failed to pay for the vehicle's diminished value. Defraites stated in the petition that he made a claim for diminution in value of the vehicle with State Farm, and State Farm failed to initiate loss adjustment for this item of damages within fourteen days of the notification of loss. Plaintiff argues that State Farm violated the provisions of La. R.S. 22:658(A)(3) and (4), and was therefore liable for the amount of diminution in value sustained by plaintiff as well as damages in the form of penalties pursuant to La. R.S. 22:1220(C).
In addition to his claim for individual damages, plaintiff also requested that this claim be certified as a class action on behalf of all similarly situated persons who have made or will henceforth make third party property automobile damage claims against State Farm and its insureds for damages sustained wherein State Farm failed to pay losses for diminution in value. Plaintiff also sought a defendant class to be comprised of the past and future State Farm insureds that are targets of the vehicular property damage claims asserted by members of the putative class.
On September 30, 2002, plaintiff filed a motion to certify the action as a class action pursuant to La. C.C.P. art. 592. On October 21, 2002, defendants filed exceptions, affirmative defenses and answer to plaintiff's petition. Thereafter, the parties conducted discovery on plaintiff's request to certify the class, and on December 20, 2002, defendants brought a motion for summary judgment to dismiss plaintiff's individual claims of diminution in value on the basis that plaintiff failed to submit evidence to show he was entitled to this item of damages. On the same date, defendants also brought a motion for partial summary judgment to dismiss plaintiff's class action demands based on defendants' claims that the requirements of a class action cannot be satisfied as a matter of law. By judgment dated February 5, 2003, the trial court denied both of these motions.
On March 25, 2003, plaintiff filed a memorandum for certification of plaintiff and defendant classes with attachments. Defendants filed an opposition to this memorandum on April 8, 2003. On April 16-17, 2003, the trial court conducted a hearing on plaintiff's motion for class certification. The record was left open to allow for depositions and post-hearing memoranda.
By order rendered on June 5, 2003, the trial court granted plaintiff's motion to certify both a plaintiff and defendant class, and held that all issues raised by the pleadings in this action will be tried on a class-wide basis as pertains to each class. Although defendants filed a request for written reasons, no reasons for judgment were assigned by the trial court. A suspensive appeal was granted by the trial court in this matter on July 7, 2003.
Defendants now appeal on the basis that the trial court erred in certifying this action as a class pursuant to the provisions of La. C.C.P. art. 591, et seq. Plaintiff has answered the appeal seeking damages and costs against defendants for the filing of a frivolous appeal.
Applicable Law
The judgment certifying the class in this action is appealable. Eastin v. Entergy Corp., 97-1094 (La.App. 5 Cir. 4/15/98), 710 So.2d 835. In Louisiana, the class action procedure is governed by the provisions of La.C.C.P. art. 591, et seq. Article 591 provides as follows:
Art. 591. Prerequisites; maintainable class actions

*258 A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
(1) The class is so numerous that joinder of all members is impracticable.
(2) There are questions of law or fact common to the class.
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
(4) The representative parties will fairly and adequately protect the interests of the class.
(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.
B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:
(1) The prosecution of separate actions by or against individual members of the class would create a risk of:
(a) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
(b) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:
(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(c) The desirability or undesirability of concentrating the litigation in the particular forum;
(d) The difficulties likely to be encountered in the management of a class action;
(e) The practical ability of individual class members to pursue their claims without class certification;
(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation; or
(4) The parties to a settlement request certification under Subparagraph B(3) for purposes of settlement, even though the requirements of Subparagraph B(3) might not otherwise be met.
C. Certification shall not be for the purpose of adjudicating claims or defenses dependent for their resolution on proof individual to a member of the class. However, following certification, the court shall retain jurisdiction over claims or defenses dependent for their resolution on proof individual to a member of the class.
*259 Under Louisiana law, a class action may be certified only if the numerosity, adequacy of representation, and commonality requirements are present. Billieson v. City of New Orleans, 98-1232 (La.App. 4 Cir. 3/3/99), 729 So.2d 146, 154, writ denied, 00-946 (La.10/29/99), 749 So.2d 644 and writ denied, 99-960 (La.10/29/99), 749 So.2d 645. The burden of establishing that the statutory criteria are met falls on the party seeking to maintain the class action. Id.; Cooper v. City of New Orleans 01-115 (La.App. 4 Cir. 2/14/01), 780 So.2d 1158, writ denied, 01-720 (La.5/11/01), 792 So.2d 734. In order to meet class certification requirements, plaintiff must meet all of the requirements of La. C.C.P. art. 591(A) and fall within one of the sections of art. 591(B).
A trial court has great discretion in deciding whether to certify a class, and its decision will not be overturned absent manifest error. Adams v. CSX Railroads, 92-1077 (La.App. 4 Cir. 2/26/93), 615 So.2d 476. Any errors to be made in deciding class action issues should be in favor of and not against the maintenance of the class action, because a class certification order is subject to modification if later developments during the course of the trial so require. McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612 (La.1984).
The purpose and intent of a class action procedure is to adjudicate and obtain res judicata effect on all common issues applicable not only to the class representatives who bring the action, but to all others who are similarly situated, provided they are given adequate notice of the pending class action and do not timely exercise their option of exclusion. Doerr v. Mobil Oil Corp., 01-775 (La.App. 4 Cir. 2/27/02), 811 So.2d 1135, 1141, writ denied, 02-920 (La.5/31/02), 817 So.2d 105 and writ denied, 02-938 (La.5/31/02), 817 So.2d 106.
The trial courts ruling
In the present case, the trial court apparently found that plaintiffs claims met all of the criteria set forth in La. C.C.P. art. 591(A). Additionally, the trial court certified both the plaintiff and defendant classes pursuant to La. C.C.P. art. 591(B)(2) on the basis that the party opposing the class (State Farm) has acted or refused to act on grounds generally applicable to the class.
The plaintiff class defined by the trial court consists of persons who have made third party vehicular property damage claims against State Farm insureds and State Farm since August 3, 2001, and continuing into the future, as well as persons who have made such claims before August 3, but excludes claims that are in separate litigation, or that have been prescribed, settled, barred by res judicata or involve vehicles that have been deemed a total loss. In addition, the class definition is limited to claimants in situations where State Farm or its insured failed to pay for non-repair related diminution in value, or failed to initiate loss adjustment for nonrepair related diminution in value and /or failed to make an offer of settlement for non-repair related diminution in value. The defendant class is comprised of the past and future State Farm insureds who are the targets of the vehicular property damage claims asserted or to be asserted in the future by members of the putative plaintiff class.
In reviewing the trial court's ruling on appeal, this Court is not called upon to review whether plaintiff will ultimately prevail on the merits, nor can this court review plaintiff's claims on their substantive merit. Eisen v. Carlise Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); Duhe v. Texaco, Inc., 99-2002 (La. *260 App. 3 Cir. 2/7/01), 779 So.2d 1070, 1078, writ denied, 01-637 (La.4/27/01), 791 So.2d 637. Rather, the task presented to this court is to determine whether the certification of this action as a class is appropriate in light of Louisianas established criteria. Nevertheless, an examination of plaintiffs substantive legal claims is necessary to make a determination of whether certification of a class action is appropriate in this case.
In support of its position that a class action is appropriate in this case, plaintiff contends that State Farm is obligated by law to initiate loss adjustment on claims for diminution of value, and has systematically failed or refused to do so. Plaintiff relies on the following provisions of La. R.S. 22:658(A) obligating State Farm to initiate loss adjustment for a third party claim pursuant to the following provisions of this statute:
(3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant. Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220.
(4) All insurers shall make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proofs of loss of that claim.
Plaintiff contends that based on these provisions, State Farm is statutorily obligated to initiate loss adjustment and make a written offer of settlement specifically for third party claims of diminution in value. Plaintiff contends that the cost of repair estimate routinely performed by State Farm in initiating loss adjustment qualifies as sufficient proof of loss giving the insurer adequate notice of a claim of diminished value. Plaintiff argues that based on State Farms uniform and consistent failure to comply with this statute by making a written offer of settlement for diminution in value to third party claimants, injunctive relief in the form of a class action is appropriate to require State Farm to comply with state law. In light of State Farms alleged failure to adjust this loss, plaintiff also claims relief pursuant to the provisions of La. R.S. 22:1220(C) which provides for penalties in an amount not to exceed two times the damages sustained or $5,000, whichever is greater.
Diminution in Value
Louisiana law provides that diminution in value of a vehicle involved in an accident is an element of recoverable damages if sufficiently established. In a case involving damages to an automobile, where the measure of damages is the cost of repair, additional damages for depreciation may be recovered for the diminution of value due to the vehicle's involvement in an accident. However, there must be proof of such diminished value. Davies v. Automotive Cas., Ins., 26,112 (La.App. 2 Cir. 127/94), 647 So.2d 419. The jurisprudence awarding damages for depreciation involves facts wherein a repaired vehicle decreases in value, despite a quality repair job, solely due to the fact that the vehicle was involved in a collision. Smith v. Midland Risk Inc. Co., 29,793 (La.App. 2 Cir. 9/24/97), 699 So.2d 1192; Davies, supra.
Plaintiff's Claim
The record in this case indicates that Robert Defraites was involved in an automobile accident with a State Farm insured on July 1, 2002. The record further shows that State Farm initiated loss adjustment of Mr. Defraites property damage *261 claim within two days of receiving notice of the claim. State Farm obtained an estimate of loss on Mr. Defraites vehicle in the amount of approximately $2400, and remitted a check to him in this amount within two days following the accident. Mr. Defraites failed to negotiate the check however, indicating that he had obtained a higher estimate to repair the vehicle and that he also sought compensation for diminution in value of the vehicle. Mr. Defraites vehicle was eventually repaired at a cost much lower than the estimate provided by State Farm and he sold the vehicle a short time later. This lawsuit followed.
Analysis
Certification of a class action is not proper unless the plaintiff satisfies every element of Article 591(A) and the requirements of either Article 591(A), (B) or (C). We have carefully examined the entire record before us, including the testimony and exhibits, and conclude that plaintiff has failed to meet its burden of proving that class certification is proper in this case.
By this action, plaintiff seeks a declaratory judgment applicable to the entire class that State Farm is obligated to pay a third party claim of diminution in value due solely to the fact that the vehicle was involved in an accident. There is no dispute in this case that diminution in value is an available item of damages in an automobile accident case. However, Louisiana law does not presume that there is inherent diminution in value involved in every automobile accident. Rather, recovery in automobile accident cases is generally limited to the cost of repair. Romco, Inc. v. Broussard, 528 So.2d 231 (La.App. 3 Cir. 6/22/88), writ denied, 533 So.2d 356 (La.11/28/88). Additional damages may be recovered for diminution in value by virtue of the automobile being involved in an accident, provided proof of such diminished value is made. Giles v. Lafayette, Inc. v. State Farm Mut. Auto. Ins. Co., 467 So.2d 1309, 1310-11 (La.App. 3 Cir. 1985). See also, Smith v. Midland Risk Ins. Co., supra, 699 So.2d at 1196.
Any plaintiff seeking to recover diminution in value must individually allege and prove that loss. As with other tort claims, no mechanical rule can be applied in the assessment of property damages claims and the claims must be assessed on a case by case basis. Davies v. Automotive Cas. Inc., supra, 647 So.2d at 422.
Additionally, the evidence in the record before us supports a conclusion that there is no presumption of inherent diminution in value in automobile tort cases. Plaintiff's own expert testimony demonstrates the speculative nature of inherent claims and calculations of diminution in value. Further, although plaintiff contends that State Farm is statutorily required to make an offer of diminution in value to third party claimants where such a claim is not raised by the claimant, Louisiana statutory authority imposes no such requirement.[1] La. R.S. 22:658(A) requires the insurer to initiate loss adjustment of a property damage claim within a specified period of time, but there is nothing in this statute which requires the insurer to make an offer for an item of damages which is neither claimed nor factually supported based on the evidence.
Claims for diminution in value as well as claims for failure to comply with statutory obligations to initiate loss adjustment must be assessed on an individual basis. Plaintiff's claim for statutory penalties also requires individualized proof. Although *262 plaintiff asserts he seeks a declaratory judgment for the class, he also seeks penalties under R.S. 22:1220. Plaintiff contends that a $5,000 penalty is an automatic assessment, and there is no need for an individualized analysis which would preclude class certification. However, plaintiff's entitlement to penalties under 22:1220 are predicated on liability for a violation of 22:658, which requires a case-by-case analysis as discussed above. Further, the amount of the penalty cannot be resolved on a class-wide basis. The specific terms of the statute provide that the amount of the penalty is greater than two times the damages or $5,000, whichever is greater, and requires an examination of the actual damage caused by a violation of the statute. Thus, a determination of the amount of any penalty owed for the insurer's noncompliance with the statute must also be determined on a case-by-case basis.
Under the circumstances presented here, we conclude that plaintiff's claims fail to meet the requirements of La. C.C.P. art. 591(A). Rather, the evidence presented in this case indicates that individual adjudication of plaintiff's claims is required. In order to grant the injunctive and declaratory relief plaintiff requests, the trial court will have to examine each putative class member's claim and make separate, fact-based determinations on the following issues:
1) whether the State Farm insured was at fault in the accident;
2) whether a diminution in value in the vehicle occurred;
3) whether State Farm violated its statutory obligation to initiate loss adjustment and offer settlement; and
4) whether the claimant is entitled to penalties and a quantification of the amount of penalty.
In sum, we conclude that there are too many individualized variables which come into play in a claim for diminution in value in an automobile accident case to make the action appropriate for certification of a class. Accordingly, we conclude that the trial court manifestly erred in certifying this action as a class.
We also find that the nature of this action for injunctive and declaratory relief with a claim for statutory penalties does not meet the requirements for certification under La. C.C.P. art. 591(B)(2). This provision requires the plaintiff to demonstrate that defendants have acted or refused to act toward the claimant class members for essentially the same reason. In the present case, there has been no evidence presented that State Farm has failed to act toward the putative class members for essentially the same reason. Rather, the evidence indicates the opposite. State Farm introduced evidence that it recognizes a third party's claim for diminution in value, and its decisions and actions as to each claim are specific to the facts and circumstances of each individual claim. Because the circumstances of each claim against State Farm will be varied, certification of a class pursuant to article 591(B)(2) is not appropriate.
In addition, certification of a class pursuant to article 591(B)(2) does not extend to cases in which the appropriate and final relief relates exclusively or predominately to money damages. See, note to Federal Rule 23(b)(2) on which article 591(B)(2) is based; Allison v. Citgo Petroleum Corp, 151 F.3d 402 (1998). Plaintiff seeks both penalties for State Farm's failure to comply with its alleged statutory obligation to make an offer of settlement for diminution in value and liability coverage for losses attributable to non-repair related diminished value property damage. In resolving these monetary issues, the trial court will have to determine:
1) whether diminished value was sustained for each member of the putative class;

*263 2)the amount of diminished value, which will be dependent on facts such as the age, make, model, and condition of the vehicle;
3) the type and amount of damage sustained by the vehicle in the accident;
4) the quality of repair to the vehicle.
Thus, both plaintiff's claim for coverage and for statutory penalties will need to be determined on an individualized, case-by-case basis. Further, these claims are not incidental to plaintiff's claims for declaratory and injunctive relief as plaintiff suggests. As such, class certification is not proper under the provisions of La. C.C.P. art. 591(B)(2). The trial court erred in concluding otherwise.
Moreover, our review of the record indicates that the defendant class defined by the trial court does not comply with the criteria applicable to class actions. The defendant class consists of as yet unidentified and unrelated State Farm insureds and future insureds. These defendants have been or will be involved in various automobile accidents with the putative plaintiff class members. Plaintiff only has a claim against one member of the defendant class, Oasis Horticultural Services, and thus cannot protect the interests of other members of the putative plaintiff class who do have a cause of action against defendant class members. Further, as with the plaintiff class, the defendant class fails to meet all of the requirements of La. C.C.P. art. 591(A), including typicality and commonality. The individual circumstances of each accident, issues of liability, distinct insurance policies and available defenses preclude a finding of commonality.
Additionally, a defendant class is not specifically authorized by La. C.C.P. art. 592(B). The specific language of that statute suggests that the party opposing the class action is the defendant, and that the statute authorizes only a plaintiff class. Thus, we find that the trial court erred in certifying the defendant class in this case.
Conclusion
Accordingly, for the reasons assigned herein, we conclude that the trial court abused its discretion in certifying both the plaintiff and defendant classes in this case. This matter fails to meet the criteria for a class action set forth pursuant to Louisiana law, and the trial court's ruling certifying the action as a class is hereby reversed and set aside. The plaintiff and defendant classes established by the trial court are dismissed. Further, the matter is remanded to the trial court for further proceedings consistent with this opinion.
All costs of this appeal are assessed against plaintiff. Further, based on our holding herein reversing the judgment of the trial court, we find no merit in plaintiff's contentions raised by answer to the appeal that the appeal is frivolous or lacks merit.
REVERSED AND REMANDED.
NOTES
[1] In support of this contention, plaintiff cites a case from the state of Georgia. However, the Georgia statute applicable to adjustment of insurance claims is distinguishable from the Louisiana statute, and we fail to find the jurisprudence in Georgia controlling.