STONE, J.
The appellant-defendant, Safeway Insurance Company of Louisiana, appeals that portion of the trial court judgment which granted the plaintiff, Timothy Smith, $5,295 in diminution of value damages. For the following reasons, we affirm.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On July 2, 2015, a chain reaction occurred when a 1993 Honda Civic, operated by defendant Bernard Kinsey ("Kinsey") and owned by his wife, Devonda Kinsey, rear-ended a 2015 Jeep Patriot driven by defendant Derrick Kepney ("Kepney"). Kepney's vehicle then rear-ended a 2014 Chevy Camaro owned and operated by plaintiff, Timothy Smith ("Smith"). Smith's 2014 Chevy Camaro ("Camaro") was initially repaired at Brock's Collision Center; however, upon completion of the repair, Smith was not satisfied with the paint job. He then took his car to Red River Collision Center, where the paint job was correctly repaired.
On November 3, 2015, Smith filed a suit for damages naming as defendants Kepney and Kepney's insurer, EAN Holdings, L.L.C. ("EAN"), and Kinsey and Kinsey's insurer, Safeway Insurance Company ("Safeway"). On November 17, 2015, Kepney *1216 filed an answer denying the allegations set forth in Smith's petition. On November 25, 2015, EAN filed an answer to Smith's petition for damages denying the allegations set forth in the petition, and specifically pleading the affirmative defense of the sudden emergency doctrine. Finally, on December 8, 2015, Safeway filed its answer to Smith's petition for damages.
At trial, Smith testified that he considered selling the Camaro, and purchasing a new vehicle, but he chose instead to keep the Camaro.
However, Smith did maintain the possibility of selling the Camaro in the future. David Vandergracht ("Vandergracht"), an automotive appraisal and diminished value damages expert, testified that he examined the Camaro and determine a diminished value of the vehicle of $5,295. Vandergracht testified that he arrived at that calculation by taking into consideration the value of the vehicle, the amount of damage, the severity of damage, and the mileage of the vehicle.
On August 23, 2017, after a trial on the merits, the trial court found Kinsey to be 100% at fault for the accident. In addition, the trial court assessed damages, and awarded Smith $5,295 in diminution of value damages. The final judgment of the trial court was signed on January 30, 2018, and Safeway suspensively appealed on February 21, 2018.
DISCUSSION
On appeal, Safeway advances three assignments of error pertaining to trial court's award of diminished value damages. The crux of this appeal and the substance of each assignment of error hinges upon whether the trial court abused its discretion in awarding $5,295 in diminished value damages, and therefore, we will address these issues together.
Standard of Review
The trier of fact has much discretion in the assessment of damages, and an appellate court will only disturb such awards when there has been a clear abuse of that discretion. Theriot v. Allstate Ins. Co ., 625 So.2d 1337, 1340 (La. 1993). Appellate courts review the evidence in the light most favorable to the prevailing party to determine whether the trier of fact was clearly wrong in its conclusions. Theriot, supra ; Saunders v. ANPAC La. Ins. Co ., 43,405 (La. App. 2 Cir. 8/13/08), 988 So.2d 896.
Under this standard, determinations of fact are entitled to great deference on review. McGlothlin v. Christus St. Patrick Hosp ., 10-2775 (La. 07/01/11), 65 So.3d 1218 ; Guillory v. Lee , 09-0075 (La. 06/26/09), 16 So.3d 1104. The linchpin is whether the trial court's findings are reasonable; even if the appellate court feels its own evaluation of the evidence is more reasonable, the trial court's findings cannot be reversed if they are in fact reasonable. Lewis v. State, Through DOTD , 94-2370 (La. 04/21/95), 654 So.2d 311. In other words, the appellate court may not reverse simply because it is convinced that, had it been sitting as a trier of fact, it would have ruled differently. Id . If there are two permissible views of the evidence, the factfinder's choice between them can virtually never be manifestly erroneous or clearly wrong. Id .
However, where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence. Ferrell v. Fireman's Fund Ins. Co ., 94-1252 (La. 2/20/95), 650 So.2d 742, 747, rev'd in part, *1217 on other grounds , 96-3028 (La. 7/1/97), 696 So.2d 569, reh'g denied , 96-3028 (La. 9/19/97), 698 So.2d 1388. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. See Lasha v. Olin Corp ., 625 So.2d 1002, 1006 (La. 1993). Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. See Lasha , 625 So.2d at 1006 ; Evans v. Lungrin , 97-0541 (La. 2/6/98), 708 So.2d 731, 735.
In its brief, Safeway contends that this court should conduct an independent de novo review of the record. We disagree. Instead, we find that the record is devoid with any facts that specifically give rise to any legal error which interdicts that fact finding process and triggers an independent de novo review of the record. For that reason, manifest error is the applicable standard with which we evaluate the appellant's assignments of error.
Diminished Value Damages
As a general rule, recovery in cases of damages to an automobile is limited to cost of repair. Thiery v. Motors Ins. Corp. , 255 So.2d 181 (La. App. 3 Cir. 1971) ; Cloney v. Travelers Ins. Co ., 253 So.2d 83, 94 (La. App. 1 Cir. 1971), writ denied , 259 La. 871, 253 So.2d 212 (1971). Where, however, a vehicle is totally destroyed, or so badly damaged that the cost of repair exceeds its value, the measure of damages is the value of the vehicle less its salvage value. Bernard v. Fidelity & Cas. Co. of N.Y. , 186 So.2d 904 (La. App. 1 Cir. 1966) ; Cloney, supra .
Where an award of cost of repair is the measure of damages in a case involving damages to an automobile, additional damages may be recovered for diminution of value by virtue of the vehicle having been involved in an accident, provided proof of such diminished value be made . Gary v. Allstate Ins. Co ., 250 So.2d 168 (La. App. 1 Cir. 1971) (emphasis added).
Where the measure of damages is the cost of repairs, damages for depreciation are also recoverable where there is sufficient evidence presented as to the amount that the vehicle decreased in value solely due to being involved in a collision. Romco, Inc. v. Broussard , 528 So.2d 231, 234 (La. App. 3 Cir. 1988), writ denied , 533 So.2d 356 (La. 1988).
Louisiana law does not presume that there is inherent diminution in value involved in every automobile accident. Defraites v. State Farm Mut. Auto. Ins. Co ., 03-1081 (La. App. 5 Cir. 1/27/04), 864 So.2d 254, 261, writ denied , 2004-0460 (La. 3/12/04), 869 So.2d 832. Any plaintiff seeking to recover diminution in value must individually allege and prove that loss. Defraites, supra . As with other tort claims, no mechanical rule can be applied in the assessment of property damages claims and the claims must be assessed on a case-by-case basis. Coleman v. Victor , 326 So.2d 344 (La. 1976) ; Davies v. Auto. Cas. Ins ., 26,112 (La. App. 2 Cir. 12/7/94), 647 So.2d 419.
In its brief, Safeway argues that the court erred in awarding the plaintiff diminished value damages because the plaintiff, Smith, has not suffered an actual loss as a result of the diminished value of the vehicle. Furthermore, Safeway contends, Smith has been unjustly enriched at its expense because the loss for diminution of value may never be realized since Smith elected to retain his vehicle. For that reason, Safeway desires that this court recognize actualization of loss as an essential, required element in consideration of diminished value damage claims. We disagree.
A careful examination of Louisiana jurisprudence reveals that state courts have consistently recognized and awarded damages *1218 for diminution of value where the plaintiff offers proof of such depreciation without requiring additional proof of actualization of loss.
The issue of diminution of value was first recognized in the cases Dupuy v. Graeme Spring & Brake Service, Inc ., 19 So.2d 657 (La. App. Orl. Cir. 1944), and Day v. Roberts , 55 So.2d 316 (La. App. 2 Cir. 1951), in which state appellate courts found that a plaintiff may recover damages for depreciation if such a claim is set forth in the plaintiff's petition. Furthermore, in the case Gary, supra the First Circuit opined that the plaintiff has the duty and obligation to obtain estimates and appraisals as to the value of his vehicle immediately following the accident so as to establish his claim for damages.
In Orillac v. Solomon , 33,701 (La. App. 2 Cir. 8/23/00), 765 So.2d 1185, this court affirmed an award of diminished value damages where the manager of the car dealership where the plaintiff originally purchased the damaged vehicle offered testimony of the estimated depreciation of the vehicle, and the defendant failed to introduce any evidence to the contrary. Conversely, in Giles Lafayette, Inc. v. State Farm Mut. Auto. Ins. Co. , 467 So.2d 1309 (La. App. 3 Cir. 1985), writ not considered , 472 So.2d 911 (La. 1985) the Third Circuit reversed a damage award for depreciation where none of the plaintiff's witnesses' testimonies established any evidence of the amount of decrease in the value of the vehicle.
In his oral reasons for judgment, the trial judge cited the cases: Smith v. Midland Risk , 29,793 (La. App. 2 Cir. 9/24/97), 699 So.2d 1192 ; Romco, supra ; and Davies, supra . In Smith , this court affirmed an award of diminished value damages where the plaintiff and defendant both called expert witnesses to offer their opinion regarding the depreciation of the plaintiff's vehicle, and the trial court exercised its discretion in finding the plaintiff's expert more credible.
Conversely, in Davies , this court reversed an award of diminished value damages because such an award placed the plaintiff in a superior position to profit from the accident. Similarly, in Romco , the Third Circuit found that a plaintiff was not entitled to an award for the diminished value of a vehicle where the vehicle was sold rather than repaired after an accident, stating that a proper award for depreciation contemplates an award for a decrease in a vehicle's value after being repaired. Romco, supra .
Analysis
In applying the principles set forth in the above-referenced cases, we find that the trial court did not abuse its discretion in awarding Smith $5,295 in diminished value damages. First, the facts clearly indicate that Smith was eligible to make a claim for diminution in value because the measure of damages in the case at bar consisted of repairing the damage to his Camaro. In addition, the record reveals that the expert evidence offered by Smith is similar to the evidence offered in the above-cited cases. Here, Smith offered proof of his claim of diminution in value through the testimony and value report of Vandergracht who was qualified as an expert in automotive appraisal and diminished value damages by the trial court.
As such, in using the rationale from this court in Orillac , the opportunity to attack the reliability and credibility of the evidence Smith offered as proof of diminution of value of his Camaro was previously made available to Safeway at trial. The record shows that the trial judge inquired as to whether Safeway wished to offer evidence to counter the expert opinion of Vandergracht, and Safeway declined. Consequently, we think that it is not the duty *1219 of this court to preserve Safeway's opportunity to counter evidence presented at trial, and we decline to burden Smith with proving an additional requirement of actualization of loss as basis to invalidate the trial court's award for diminution of value damages.
Therefore, although the issue of actualization of loss is a legitimate consideration, we find that the facts of our present case are not dissimilar from the factual scenarios presented in the above-referenced cases. For that reason, we think it is unnecessary, at this juncture, to formulate any additional refinements and/or requirements beyond what other Louisiana state courts have considered as sufficient proof of such diminished value.
CONCLUSION
For the foregoing reasons, we affirm that portion of the trial court judgment which granted the plaintiff, Timothy Smith, $5,295 in diminished value damages. Costs of this appeal are assessed to the appellants, Safeway Insurance Company of Louisiana.
AFFIRMED.