759 So.2d 755 (1999)
J.W. BARTLETT, et al.
v.
BROWNING-FERRIS INDUSTRIES CHEMICAL SERVICES, INC., et al.
No. 99-C-0494.
Supreme Court of Louisiana.
November 12, 1999.
Leonard Knapp, Jr., Donald Wayne McKnight, Raleigh Newman, Lake Charles, Counsel for Applicant.
Thomas Michael Nosewicz, Michael A. Chernekoff, Madeleine Fischer, James Edward Wright, III, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, Counsel for Respondent.
PER CURIAM.[*]
This writ arises out of suit filed on November 20, 1980, by approximately 402 plaintiffs who lived and/or owned property near the hazardous waste disposal facility in the Willow Springs community of Calcasieu Parish, Louisiana. On October 18, 1993, the first trial commenced in what the parties collectively called "Group A" with Mr. and Mrs. J.W. Bartlett and Gentry Vincent as plaintiffs and with Browning-Ferris Industries, Inc., Browning-Ferris Industries Chemical Services, Inc., CECOS International, Inc., and Walter Elkins, Jr., a former manager of the facility, as defendants. On December 1, 1993, after more than six weeks of trial and three days of deliberation, the jury returned a nine to three verdict, finding that none of the defendants were negligent in their operation of the facility, and that the operation of the facility was a nuisance or an abuse of right but, that the plaintiffs sustained no damages arising out of the operation of the facility. This verdict was affirmed on appeal. See Bartlett v. Browning-Ferris Indus. Chem. Servs., Inc., 96-218 (La.App. 3 Cir. 11/6/96), 683 So.2d 1319, writ denied, 97-0317 (La.3/27/97), 692 So.2d 394.
On April 12, 1995, plaintiffs filed a motion to certify the remaining plaintiffs for class action, suggesting that the class action be separated into four subclasses (A, B, C, and D) based upon geographical location of plaintiffs' property from the facility. In response to the motion and over the course of more than one year, the trial court issued four separate reasons for judgment with a final judgment signed on January 9, 1998. Among the first, second, and third set of reasons for judgment, the trial court granted the plaintiffs' motion for class certification, set forth the issues *756 to be decided for the entire class, limited the class to the current plaintiffs, ordered the appropriate notices and deadlines for opting-out, and emphasized that if any plaintiffs opt-out it would decertify the class, finding that the promotion of a uniform decision and expedited disposition of long-pending cases would then be defeated.
Before the trial court signed the final judgment to this effect, this Court rendered Ford v. Murphy Oil U.S.A., Inc., 96-2913, 96-2917, 96-2929 (La.9/9/97), 703 So.2d 542. The trial court, considering the impact of this decision on the issue of certification, rendered the fourth set of written reasons for judgment on January 9, 1998, vacating the granting of the motion for class certification based upon its interpretation of Ford and signed a judgment to this effect on the same day. Essentially, the trial court reasoned that just as Ford found the alleged harm lacked "discrete environmental emissions," the proposed class before it similarly contained problems regarding discrete acts over a time frame of thirty years.
The Third Circuit Court of Appeal affirmed the denial of the class action finding that the proposed class lacked commonality, considering the diversity of the claims and the extended period in which the tortious acts occurred. In affirming, the appellate court emphasized that the plaintiffs were "seeking to recover for a variety of damages, including damages for personal injuries, business losses, nuisance or abuse of right, noxious odors and emissions, exposure to hazardous chemicals, fear of cancer and other diseases, and property devaluation.... The plaintiffs present claims for a diverse assortment of personal, property and business damages." Bartlett v. Browning-Ferris Indus. Chem. Serv., Inc., 98-341 (La.App. 3 Cir. 12/9/98), 726 So.2d 414, 416.
This Court granted plaintiffs' writ application to review the correctness of the court of appeal's judgment. Bartlett v. Browning-Ferris Indus. Chem. Serv., Inc., 99-0494 (La.7/2/99), 747 So.2d 2. In granting the plaintiffs' writ application, this Court was particularly concerned that the court of appeal committed an error of law in denying class certification based primarily on plaintiffs' burden of proving damages. As we have made clear before and reiterate today, the mere fact that varying degrees of damages may result from the same factual transaction and same legal relationship or that class members must individually prove their right to recover does not preclude class certification. See McCastle v. Rollins Envir. Servs. of La., Inc., 456 So.2d 612, 620 (La.1984); State ex rel. Guste v. G.M. Corp., 370 So.2d 477, 489 (La.1978).
After granting the writ application but only days before oral argument, the defendants notified this Court by letter, without objection, of material changes in the proposed class action. We filed the letter of record. Because of highly successful mediation between the parties, approximately 130 of the original plaintiffs settled and/or dismissed their claims. As a result, approximately 270 class members now remain in the proposed class. In subclass A, there remains approximately thirteen claims for nuisance and property devaluation and approximately seven claims for property devaluation only. In subclass D, there remains approximately one claim for nuisance with the two proposed class representatives having each settled their claims. Indeed, plaintiffs' counsel affirmed during oral arguments that because of the small number of claims remaining in subclasses A and D, the parties could try these claims individually and without the need of class certification. Further, of the twelve original proposed class representatives for the four subclasses, only eight remain in the suit. The next scheduled mediation is set to begin in early December 1999. As a result of the parties' valiant efforts in concluding the multiple claims through mediation, this case no longer stands in the same posture as it did when writs were applied for and granted. *757 Simply stated, what plaintiffs originally proposed as a certifiable class action to the trial court and court of appeal is no longer the case or controversy that stands before this Court now.
Under these circumstances, after a careful and thorough review of the record and the evidence presented, having the benefit of oral arguments, considering the current posture of this matter, and having reiterated our view that individual issues of damages do not preclude class certification, we have determined that this matter no longer merits a disposition from this Court. Accordingly, the Court recalls the writ of certiorari previously issued herein as improvidently granted and remands this case to the district court for further proceedings. It is so ordered.
WRIT RECALLED; CASE REMANDED FOR FURTHER PROCEEDINGS.
JOHNSON, J., Dissenting
Recalling the writ as improvidently granted maintains the status quo, and I believe the actions of the lower courts should be reversed and this matter certified as a class action. The lower courts' reliance on Ford v. Murphy Oil U.S.A., Inc., 96-2913, 96-2917, 96-2929 (La.9/9/97), 703 So.2d 542 was misplaced. The refusal to certify the class in Ford was based on the fact that recovery was sought from four separate entities operating four separate sources of pollutants. The plaintiffs averred that the pollutants, both individually and in combination, were the cause of their damages. Thus, class certification was denied.
In my view, this case is distinguishable from Ford. Here we are dealing with one source of pollution rather than four, and the lower courts erred in using Ford as the basis for vacating class certification. This case is more closely akin to McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612 (La.1984). While the plaintiffs in McCastle sought varying degrees of damages, the Court stated that "individual questions of quantum do not preclude a class action when predominant liability issues are common to the class." Id. at 620. Similarly, while there is some diversity in damages in the present matter, the plaintiffs should not be precluded from going forward to determine liability.
Further, while the number of plaintiffs has decreased to approximately 270, the same dangers of inconsistent determinations and of earlier separate adjudications with prejudicial effect still exist. I believe the plaintiffs have met the requisites for class certification, and I respectfully dissent.
NOTES
[*] Traylor J., not on panel. See Rule IV, Part 2, § 3.