877 So.2d 1011 (2004)
Terrie DANIELS, Amanda L. Grant, and Vanessa C. Domino
v.
WITCO CORPORATION.
No. 03-CA-1478.
Court of Appeal of Louisiana, Fifth Circuit.
June 1, 2004.
Rehearing Denied August 9, 2004.
*1012 Sidney D. Torres, III, Roberta L. Burns, Law Offices of Sidney D. Torres, III, Chalmette, LA, Irving J. Warshauer, Gerald E. Meunier, Gainsburgh, Benjamin, David, Meunier & Warshauer, Gilbert V. Andry, III, Jerald N. Andry, Jr., Andry & Andry, New Orleans, LA, for Appellants.
S. Gene Fendler, Carol Welborn Reisman, Liskow & Lewis, New Orleans, LA, William W. Hall, Metairie, LA, for Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JAMES L. CANNELLA, MARION F. EDWARDS, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
JAMES L. CANNELLA, Judge.
The Plaintiffs, Terrie Daniels, Amanda L. Grant, and Vanessa Domino, appeal from the trial court ruling in favor of the Defendant, Witco Corporation[1], denying their motion for class certification. For *1013 the reasons which follow, we reverse and remand.
On June 30, 1998 the Plaintiffs filed a Class Action Petition for Damages from an explosion and fire which occurred on July 9, 1997 on the Defendant's premises at its Harvey, Louisiana chemical plant. As found by the trial judge, the explosion ignited a chemical fire that lasted for a period of time. Certain chemical elements, carbon monoxide, carbon dioxide, and particulate matter, were emitted into the air. The accident was due to a misalignment of a valve by one of the Defendant's employees. The Plaintiffs timely sought class certification pursuant to La. C.C.P. art. 592(A)(1). A hearing on the issue was held and the trial court, after taking the matter under advisement, rendered judgment on September 23, 2003 denying the Plaintiffs' motion for class action certification. In her denial of certification, the trial judge only addressed the requirement of La. C.C.P. art. 591(B)(3), that the common issues predominate over the individual issues. In doing so, she expressly stated that she was not making a determination on any of the other class certification requirements set out in La. C.C.P. art. 591. The trial court reasoned that:
Plaintiffs "common issues" and defendant's stipulation of liability and general causation cross each other out and the only remaining factor is "primary causation of harm" to each individual plaintiff and the amount of compensatory damages to be awarded, which is Phase Two of plaintiff's proposed trial plan. Included in primary causation of harm, there will be the issue of the amount of chemicals released and the "footprint" of the dispersion.
It is from this ruling that the Plaintiffs appeal.[2]
La. C.C.P. art. 591 provides the guidelines for class action certification as follows:
A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
(1) The class is so numerous that joinder of all members is impracticable.
(2) There are questions of law or fact common to the class.
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
(4) The representative parties will fairly and adequately protect the interests of the class.
(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.
B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:
(1) The prosecution of separate actions by or against individual members of the class would create a risk of:
(a) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
(b) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially *1014 impair or impede their ability to protect their interests; or
(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:
(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(c) The desirability or undesirability of concentrating the litigation in the particular forum;
(d) The difficulties likely to be encountered in the management of a class action;
(e) The practical ability of individual class members to pursue their claims without class certification;
(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation; or
(4) The parties to a settlement request certification under Subparagraph B(3) for purposes of settlement, even though the requirements of Subparagraph B(3) might not otherwise be met.
C. Certification shall not be for the purpose of adjudicating claims or defenses dependent for their resolution on proof individual to a member of the class. However, following certification, the court shall retain jurisdiction over claims or defenses dependent for their resolution on proof individual to a member of the class.
Under Louisiana law, in order to meet class certification requirements, plaintiffs must meet all of the requirements of La. C.C.P. art. 591(A) and fall within one of the subsections of 591(B). Defraites v. State Farm Mut. Auto. Ins. Co., 03-1081 (La.App. 5th Cir 1/27/04), 864 So.2d 254. The burden of establishing that the statutory criteria are met falls on the party seeking to maintain the class action. Cooper v. City of New Orleans, 01-115 (La.App. 4th Cir.2/14/01), 780 So.2d 1158, writ denied, 01-720 (La.5/11/01), 792 So.2d 734; Billieson v. City of New Orleans, 98-1232 (La.App. 4th Cir.3/3/99), 729 So.2d 146, 154, writ denied, 00-946 (La.10/29/99), 749 So.2d 644 and writ denied, 99-960 (La.10/29/99), 749 So.2d 645. A trial court has wide discretion in deciding whether to certify a class and the decision will not be overturned absent a finding of manifest error or abuse of discretion. Defraites, supra; Adams v. CSX Railroads, 92-1077 (La.App. 4th Cir.2/26/93), 615 So.2d 476. However, any errors to be made in deciding class action issues should be in favor of and not against the maintenance of the class action, because a class certification order is subject to modification, if later developments during the course of the trial so require. McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612 (La.1984); Johnson v. E.I. Dupont deNemours and Co., 98-229 (La.App. 5th Cir.10/14/98), 721 So.2d 41.
*1015 The purpose and intent of a class action procedure is to adjudicate and obtain res judicata effect on all common issues applicable not only to the class representatives who bring the action, but to all others who are similarly situated, provided they are given adequate notice of the pending class action and do not timely exercise their option of exclusion. Defraites, supra; Doerr v. Mobil Oil Corp., 01-775 (La.App. 4th Cir.2/27/02), 811 So.2d 1135, 1141, writ denied, 02-920 (La.5/31/02), 817 So.2d 105 and writ denied, 02-938 (La.5/31/02), 817 So.2d 106. The interests of justice are not served by the needless time consuming repetition of evidence and litigation of issues in individual trials on a one-by-one basis which are common to the claims of all affected. 5 Newberg on Class Actions, § 17:1 at p. 298 (4th ed.2002).
In this case, the trial court did not make any findings under Subsection (A). Instead, solely upon finding that "predominancy" under Subsection (B)(3) was lacking[3], that is, that the questions of law or fact common to the members of the class did not predominate over questions affecting only individual members, the court denied class certification.[4] Thus, the only ruling before this Court for review is the trial court finding that the predominancy requirement was lacking. We must determine whether this finding was manifestly erroneous.
Under La. C.C.P. art. 591(B)(3), the "predominance requirement", the trial court must determine whether questions of law or fact common to the members of the class predominate over any questions affecting only individual members. While subsection (A)(2) of that article requires that there be questions of law or fact common to the class, subsection (B)(3) requires further that these common questions predominate over any questions affecting only individual members. This requirement restricts class actions to those cases in which it would achieve economies of time, effort, and expense, and promote uniformity of decisions as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. Singleton v. Northfield Ins., Co., 01-0447 (La.App. 1st Cir.5/15/02), 826 So.2d 55, writs denied, 02-1660 (La.9/30/02), 825 So.2d 1200. The predominance requirement is intended to *1016 ensure that the disallowance of individual trials is warranted by a subjective gain in efficiency. Watson v. Shell Oil Company, 979 F.2d 1014 (5th Cir.1992). Subsection (B)(3) of article 591, taken from Federal Rule 23(b)(3), requires that "resolution of the common questions affect all or a substantial number of the class members." Jenkins v. Raymark Industries, Inc., 782 F.2d 468 (5th Cir.1986).
In reviewing a trial court's certification ruling on appeal, the appellate court is not called upon to review whether the plaintiffs will ultimately prevail on the merits, nor review the plaintiffs' claims on their substantive merit. Eisen v. Carlisle Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); Duhe v. Texaco, Inc., 99-2002 (La.App. 3rd Cir.2/7/01), 779 So.2d 1070, writ denied, 01-637 (La.4/27/01), 791 So.2d 637. Rather, the task presented to the appellate court is to determine whether the certification of the action as a class is appropriate in light of Louisiana's established criteria. Defraites, supra. Nevertheless, an examination of the plaintiffs' substantive legal claims is necessary to make a determination of whether certification of the class is appropriate in the case.
In this case, as pointed out by the Defendant, to succeed the Plaintiffs must prove (1) fault, (2) injury, (3) causation and (4) damages. In proving their case, the Plaintiffs will have to prove that an explosion and fire occurred at the Defendant's plant, through the Defendant's fault, that the Defendant breached a duty it owed to the Plaintiffs, that toxic chemicals were dispersed as a result, that the dispersion patterns of the chemicals included areas of the class, that the level of the chemicals dispersed were capable of causing compensable harm and the amount of each Plaintiff's damages. Based on the cause of action asserted in this case, there are clearly numerous common questions of law and fact as to the members of the class.[5] However, this is a much less demanding finding than whether the common issues predominate under 591(B)(3). Under La. C.C.P. art. 591(B)(3), the only factor ruled on by the trial judge herein, the question we must consider is whether the trial court erred in finding that these common issues do not predominate over issues affecting only individual members of the class.
It is well settled that the existence of individual damage issues is not a bar to class certification. Bartlett v. Browning-Ferris Industries Chemical Services, Inc., 99-0494 (La.11/12/99), 759 So.2d 755; McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612 (La.1984); Davis v. American Home Products Corp., 02-0942 (La.App. 4th Cir.3/26/03), 844 So.2d 242, writs denied, 03-1180 (La.6/27/03), 847 So.2d 1279; Atkins v. Harcross Chemicals, Inc., 93-1904 (La.App. 4th Cir.5/17/94), 638 So.2d 302, writs denied, 94-2158, 94-2161 (La.11/11/94), 644 So.2d 396; Adams v. CSX Railroads, 615 So.2d 476 (La.App. 4th Cir.1993); Billieson v. City of New Orleans, 98-1232 (La.App. 4th Cir.3/3/99), 729 So.2d 146. In Billieson v. City of New Orleans, 98-1232 (La.App. 4th Cir.3/3/99), 729 So.2d 146, the court noted that "the fact that resolution of class actions sometimes places added responsibilities and burdens on the trial court actually hearing the case should not be allowed to overcome the fact that a class action meeting all the requisites will `facilitate a prompt, efficient, and relatively inexpensive single trial on the common nucleus of issues' as *1017 compared to hearing the cases separately. McCastle, 456 So.2d at 620." In accord, 2 Newberg on Class Actions, § 4:25 at p. 169-160, discussing the United States Second Circuit case In re Visa Check/MasterMoney Antitrust Litigation, 280 F.3d 124 (2nd Cir.2001), cert. denied, 536 U.S. 917, 122 S.Ct. 2382, 153 L.Ed.2d 201 (2002), noted:
There are some situations where courts have determined that a case is not manageable as a class action because of the necessity for individualized damages determinations, but nevertheless, failure to certify an action under Rule 23(b)(3) on the sole ground that it would be unmanageable is disfavored and should be the exception rather than the rule.... [T]here are a number of management tools available to a district court to address any individualized damages issues that might arise in a class action....
Thus, we are here confronted with the difficult problem of balancing procedural fairness with judicial efficiency in the management of mass tort litigation.
Louisiana courts have recognized the usefulness of the class action procedure in mass tort cases, especially those arising from a common cause or disaster. In Ford v. Murphy Oil U.S.A., Inc., 96-2913 (La.9/9/97), 703 So.2d 542[6], our Supreme Court addressed the question of whether class certification was appropriate in a case involving four different defendants emitting different types of substances over a four year period. In denying class certification in that case, the Court noted that class certification could be proper in a mass tort case that arises from a common disaster. The Court discussed the history of our class action law and noted that our law was modeled on the federal rules, particularly Federal Rule 23. The Court, then referencing a leading United States Supreme Court class action case, Amchem Products, Inc. v. Windsor, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997), noted that "mass tort cases arising from a common cause or disaster may, depending upon the circumstances, satisfy the predominance requirement." The Court went on to state:
it is clear that a mass tort case may meet the requirements of Rule 23(b)(3) if it "aris[es] from a common cause or disaster," but even then, the appropriateness of class certification will depend on the circumstances. That only mass torts "arising from a common cause or disaster" may be appropriate for class certification is in line with our holding today and the underlying reasoning of this court's prior jurisprudence.
In Singleton v. Northfield Ins., Co., 01-0447 (La.App. 1st Cir.5/15/02), 826 So.2d 55, writs denied, 02-1660 (La.9/30/02), 825 So.2d 1200, the court, in affirming class certification involving a common disaster (blowout, fire and emission of toxic chemicals), discussed the predominance requirements stating:
Article 591A(2) requires that there be questions of law or fact common to the class. Paragraph B(3) of that article requires that these common questions predominate over any questions affecting only individual members. This requirement restricts class actions to those cases in which it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons *1018 similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. McCastle, 456 So.2d at 616.
The court went on to hold, in Singleton, that the "issue of liability predominates over any questions important to only individual members of the class, such as the type and extent of their damages."
Most recently, in Bartlett v. Browning-Ferris Industries Chemical Services, 99-0494 (La.11/12/99), 759 So.2d 755, the Supreme Court, in a Per Curiam opinion which ultimately recalled the writ, noted:
This Court granted plaintiffs' writ application to review the correctness of the court of appeal's judgment. Bartlett v. Browning-Ferris Indus. Chem. Serv., Inc., 99-0494 (La.7/2/99), 747 So.2d 2. In granting the plaintiffs' writ application, this Court was particularly concerned that the court of appeal committed an error of law in denying class certification based primarily on plaintiffs' burden of proving damages. As we have made clear before and reiterate today, the mere fact that varying degrees of damages may result from the same factual transaction and same legal relationship or that class members must individually prove their right to recover does not preclude class certification. See McCastle v. Rollins Envir. Servs. of La., Inc., 456 So.2d 612, 620 (La.1984); State ex rel. Guste v. G.M. Corp., 370 So.2d 477, 489 (La.1978).
Mass tort cases arising from a common cause or disaster have been recognized as appropriate for class certification. Moreover, class certification is not to be denied solely because of individual damage issues where the resolution of common issues will be judicially efficient, furthering the purpose for class actions.
The factual basis common to all the class members in this suit is that due to the Defendant's fault, there was an explosion at the Defendant's plant that caused the emission of toxic chemicals which, by their nature, quantity and disbursement pattern, caused compensable harm to the Plaintiffs. The liability of the Defendant is the central issue, which is common to all of the claimants. Certification of the class will result in unitary adjudication and resolution of the common issues in a judicially economic manner and promote the purpose of class action procedure by obtaining a res judicata effect on all issues common to all who are similarly situated. While the claimants will have individual issues such as the type and extent of their damages, the individual damage issues are not a bar to class certification. The difficulties that arise in calculating each claimant's damages can be controlled through a case management plan. La. C.C.P. art. 592. See also Richardson v. American Cyanamid Co., 99-675 (La.App. 5th Cir.2/29/00), 757 So.2d 135, writs denied, 00-0921 (La.5/12/00), 761 So.2d 1291.
In view of the foregoing, we find that in this case, like Singleton, where the cause of action of all the claimants arises from a single occurrence and fault and general causation can be resolved more efficiently for the class than on an individual basis, the common issues of law and fact predominate over the individual damage issues and the trial court was manifestly erroneous and abused its discretion in holding otherwise.
The Defendant argues that because it has stipulated to fault as to the cause of the explosion and to general causation, that is, that the substances released in the air following the explosion could, in certain combinations and quantities, cause injury, it is in a different posture from Singleton. The Defendant argues that this stipulation effectively removes any common issues from the case such that only the individual *1019 issues of each claimant remain and, therefore, predominate. The trial court, in its reasons for judgment, agreed with this argument in finding that the common issues did not predominate.
The Plaintiffs point out, however, that this reasoning is flawed in several respects. First, although the Defendant has admitted that the released chemical compounds can cause injury at certain levels, they dispute that these levels were reached in this case and/or that any of the Plaintiffs were exposed to toxic injury causing combinations of chemical levels. Thus, some common issues do remain to be proven. Moreover, the stipulation is more of an admission of common issues than a negation of them. If the class is certified, a stipulation of fault will significantly and efficiently move the case forward for hundreds of plaintiffs rather than, without certification, requiring individual litigation in each separate case.
Furthermore, the ability of the plaintiff to prove his case or the means by which he meets his burden is not at issue in the certification hearing. As stated above, we do not herein make any finding as to whether the Plaintiffs can or will ultimately prevail on the merits. Rather, we are only making a determination as to whether there are common substantive issues in this case that predominate over individual issues. The question of whether there are predominant common questions of law and fact in a class certification inquiry is different from how such issues will ultimately be established, i.e., by evidence and testimony or by stipulation and settlement.
As stated above, the purpose and intent of class action procedure is to adjudicate and obtain res judicata effect on all common issues applicable not only to the representatives who bring the action but to all others who are similarly situated. Ford v. Murphy Oil U.S.A., Inc., 96-2913 (La.9/9/97), 703 So.2d 542. If the class is not certified, and each claimant is forced to bring his or her own suit, the purpose of the class action procedure, efficient resolution and the res judicata effect on all common issues, would be defeated.
A stipulation by the Defendant, like a settlement, that resolves the fault issue as well as the general causation issues as to all the class members, tends to satisfy the predominance requirement, not negate it. The prospect for encouraging settlements weighs in favor of finding that common issues predominate. Central Wesleyan College v. W.R. Grace & Co., 6 F.3d 177 (4th Cir.1993). We find that the principles applicable to settlements are applicable here where the Defendant's are stipulating to fault. Thus, in this case, we find that the unitary resolution or adjudication of the issues common to the class, even if by stipulation, satisfies the purpose of the predominance requirement by achieving economy of judicial time, effort and expense and promoting uniformity of decisions among those similarly situated. See In Re School Asbestos Litigation, 789 F.2d 996 (3d Cir.1986).
The trial court ruling herein, that class certification should be denied based on the lack of predominance of common issues, is contrary to the very purpose of the requirement, to promote judicial efficiency, uniformity of results, and a res judicata effect on all those similarly situated that would result with a contrary finding and with fault and general causation being admitted. Therefore, we find that the fault and causation issues, notwithstanding the stipulation, are common to all the class members and predominate over the individual issues. The trial court ruling to the contrary is manifestly erroneous. Any difficulties that the trial court faces with resolving the individual damage issues are not a reason to deny certification and can be alleviated or controlled by a case management *1020 plan or other options provided in La. C.C.P. art. 592.
Accordingly, for the foregoing reasons, the ruling of the trial court denying class certification is reversed and set aside and the case is remanded for the trial court to rule on all the remaining class certification issues presented in La. C.C.P. art. 591 and as are pertinent to a ruling on certification in this case. Costs of appeal are assessed to the Defendants.
REVERSED AND REMANDED.
DUFRESNE and EDWARDS, JJ., DISSENTS.
DUFRESNE, J., dissents.
For the reasons assigned by Judge Edwards, I respectfully dissent.
EDWARDS, J., dissents.
I respectfully dissent from the finding made by the majority that there are lingering common issues which predominate over individual issues. I find that the stipulations by the defendant as to the cause of the incident by operational error, and to general causation, resolve the only issues truly common to these plaintiffs. The relevant question remaining is not whether the emissions had the capacity to cause harm, but whether they in fact did cause harm and to whom. That determination is highly idiosyncratic, and proof of causation will depend on individual factors such as the nature of each plaintiff's exposure and personal susceptibility. Although the existence of individual damage issues is not a bar to class certification, in the present case the criteria for the proposed class are far too general. In the absence of more specific, objective criteria, the individual issues clearly predominate.
The trial judge has vast discretion in determining whether to certify a class. Mayho v. Amoco Pipeline Co., 99-620 (La.App. 5 Cir. 12/15/99), 750 So.2d 278, writ denied XXXX-XXXX (La. 3/17/00), 756 So.2d 1143. I find no abuse of discretion in the determination by the trial court that plaintiffs failed to prove any remaining common issues predominate over the many remaining individual issues.
Because our inquiry is limited to the findings of the court under C.C.P. art. 591(B)(3), we need reach no other questions.
NOTES
[1] Without explanation, the record indicates that Witco Corporation became Crompton Corporation. For consistency, we will refer to the Defendant as Witco Corporation.
[2] By order dated March 12, 2004 we denied the Defendant's Motion To Dismiss Appeal upon finding that "[a]lthough the ruling is interlocutory, deferring review of this decision may cause irreparable injury."
[3] Despite the two-prong requirement of 591(B)(3), predominance and superiority, with several factors listed for the court's consideration thereunder, the trial court herein did not consider anything beyond finding that the common issues did not predominate over the individual ones. The court did not consider the superiority prong or the factors related thereto.
[4] The Plaintiffs argue that this procedure by the trial court was per se erroneous, requiring reversal of her decision as a matter of law on this procedural basis. In view of our finding that denial of certification of the class based on the predominance requirement was manifestly erroneous, we do not address this argument by Plaintiffs but note the procedure with disfavor. The findings under La. C.C.P. art. 591(A) bear significantly on the considerations in subsection (B). Further, under this procedure, the appellate court could be called upon to review certification rulings piecemeal if the trial court rules on each subsection of 591(A) and (B) one-by-one. This is not judicially efficient and is disfavored. Moreover, decisions on class certification can be influenced by the totality of the circumstances of the case and should not be viewed in such a myopic fashion. For example, Louisiana courts have recognized that class actions are favored when, as in this case, they involve vindication of the rights of persons with negative value lawsuits. Clark v. Trus Joist MacMillian, 02-676, 02-512 (La.App. 3rd Cir.12/27/02), 836 So.2d 454, writ denied 03-0275 (La.4/21/03), 841 So.2d 793; Duhe v. Texaco, 99-2002 (La.App. 3rd Cir.2/7/01), 779 So.2d 1070, writ denied 01-0637 (La.4/27/01), 791 So.2d 637.
[5] The trial court did not make a commonality finding under La. C.C.P. art. 591(A)(2), declining to do so because of her finding that predominance was lacking. However, the commonality finding is a prerequisite to consideration of the predominance requirement of 591(B)(3).
[6] On application for rehearing, the Court granted the rehearing in part to remand the case to the trial court for consideration under La. C.C.P. art. 593.1 of whether to permit amendment of the pleadings. The action did not affect the main opinion and principles espoused therein and referenced above. Ford v. Murphy Oil, U.S.A., Inc., 96-2913 (La.10/10/97), 710 So.2d 235.