STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1427


FAITH BROOKS, ET AL.

VERSUS

UNION PACIFIC RAILROAD COMPANY, ET AL.


**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-96-235
HONORABLE ROBERT BRINKMAN, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, Oswald A. Decuir, Marc T. Amy, and Michael G. Sullivan, Judges.

Cooks, J., dissents for the reasons assigned by Judge Saunders.

Saunders, J., dissents and assigns written reasons.


REVERSED AND REMANDED.


Kenneth Alan Goodwin
Attorney at Law
1821 Joseph Street
New Orleans, LA 70115-5003
(504) 895-2286
Counsel for Plaintiffs/Appellees:
    Mary Gordon
    Faith Brooks
    Paula Karam

**L.J. Hymel**
**Michael Reese Davis**
**Tim P. Hartdegen**
**Hymel Davis & Petersen, L.L.C.**
**10602 Coursey Boulevard**
**Baton Rouge, LA 70816**
**(225) 298-8118**
**Counsel for Plaintiffs/Appellees:**
> **Mary Gordon**
> **Faith Brooks**
> **Paula Karam**

**David A. Fraser**
**Fraser, Morris & Wheeler, L.L.P.**
**P. O. Box 4886**
**Lake Charles, LA 70605**
**(337) 478-8595**
**Counsel for Secondary Defendant/Appellant:**
> **Union Pacific Railroad Company**

**James L. Pate**
**Ben Mayeaux**
**Laborde & Neuner**
**P.O. Drawer 52828**
**Lafayette, LA 70505-2828**
**(337) 237-7000**
**Counsel for Secondary Defendants/Appellants:**
> **Allen Parish Police Jury**
> **Titan Indemnity Company**

**Randall B. Keiser**
**Keiser Law Firm, P.L.C.**
**P.O. Box 12358**
**Alexandria, LA 71315-2394**
**(318) 443-6168**
**Counsel for Defendant/Appellant:**
> **City of Oakdale**

**DECUIR, Judge.**

In April 1995, a terrible rainstorm came upon the City of Oakdale and the outlying areas. Reports were that anywhere from ten to seventeen inches of rain fell in a twenty-four hour period. As a result, the area experienced massive flooding.

In April 1996, three purported class representatives filed a "Class Action Petition for Damages" against Union Pacific Railroad Company, Missouri Pacific Railroad Company, the State of Louisiana, the City of Oakdale, and Allen Parish. The State was subsequently dropped as a defendant.

The plaintiffs allege in the broadest sense that inadequate box culverts installed and maintained by the railroads, combined with inadequate drainage facilities designed and maintained by the City and Parish, caused the plaintiffs' property to flood. The plaintiffs' experts have opined that the actions of the defendants combined to cause varying levels of flooding in three affected drainage basins in the area.

A hearing was held on the class certification, and the trial court certified the class. The defendants, Union Pacific, the City of Oakdale, and Allen Parish, filed this suspensive appeal.

### ASSIGNMENTS OF ERROR

The defendants assign the following errors by the trial court in certifying this lawsuit as a class action:

1) The trial court erred in finding that the commonality requirement has been satisfied.

2) The trial court erred in finding that the typicality requirement has been satisfied.

3) The trial court erred in finding that the representative parties will fairly and adequately protect the interests of the class.

4) The trial court erred in finding that the class can be objectively defined.

5) The trial court erred in finding that common questions of law and fact predominate.

6) The trial court erred in allowing evidence outside the scope of the pleadings despite timely objection; and

7) The trial court erred in its choice of statutory law to be applied to the railroad.

## STANDARD OF REVIEW

Our brethren on the fifth circuit succinctly stated the standard of review for class action certifications as follows:

> The standard of review for class action certifications is bifurcated. The factual findings are reviewed under the manifest error/clearly wrong standard, but the trial court's judgment on whether or not to certify the class is reviewed by the abuse of discretion standard. *Etter v. Hibernia Corporation*, 06-646 (La.App. 4 Cir. 2/14/07), 952 So.2d 782; *Boudreaux v. State, Dep't of Transp. and Dev.*, 96-0137 (La.App. 1 Cir. 2/14/97), 690 So.2d 114, 119. A trial court has wide discretion in deciding whether or not to certify a class. *Daniels v. Witco Corp.*, [03-1478 (La.App. 5 Cir. 6/1/04), 877 So.2d 1011, 1014, *writs denied*, 04-2283, 04-2287 (La. 11/19/04), 888 So.2d 204, 205]; *Eastin v. Entergy*, 97-1094 (La.App. 5 Cir. 4/15/98), 710 So.2d 835, 838. Any errors to be made in deciding class action issues should be in favor of and not against maintenance of the class action, because a class certification order is subject to modification if later developments during the course of the trial so require. *Johnson v. E.I. Dupont deNemours and Co., Inc.*, 98-229 (La.App. 5 Cir. 10/14/98), 721 So.2d 41; *McCastle v. Rollins Environmental Services of Louisiana, Inc.*, 456 So.2d 612, 620 (La.1984).

> When reviewing the trial court's ruling regarding class certification, we do not consider whether plaintiffs' claims state a cause of action or have substantive merit, or whether plaintiffs will ultimately prevail on the merits. *Schexnayder v. Entergy Louisiana, Inc.*, 04-636 (La.App. 5 Cir. 3/29/05), 899 So.2d 107, 113, *writ denied,* 05-1255 (La. 12/9/05), 916 So.2d 1058. Rather, our task is to examine plaintiffs' legal claims and to determine only whether a class action is the appropriate procedural device in light of established Louisiana criteria. *Id.*

*Oubre v. La. Citizens Fair Plan*, 07-66, pp. 6-7 (La.App. 5 Cir. 5/29/07), 961 So.2d 504, 508-09, *writ denied*, 07-1329 (La. 9/28/07), 964 So.2d 363.

2

**COMMONALITY**

The commonality requirement in La.Code Civ.P. art. 591(A) and the requirements of La. Code Civ.P. art. 591 (B)(3) that common questions of law or fact predominate are closely related. Accordingly, we will address them together. Defendants contend that the trial court erred in finding that there are questions of law or fact common to the class and that, if common questions are found, they do not predominate over questions affecting individual members. Defendants argue that *Ford v. Murphy Oil U.S.A., Inc.*, 96-2913 (La. 9/9/97), 703 So.2d 542, is the controlling jurisprudence with regard to certification of mass tort actions in Louisiana. In *Ford*, plaintiffs brought suit against four petrochemical plants claiming physical and property damage as a result of the emissions from the four petrochemical facilities. The court found that because there were four different defendants, each class member would have to offer different facts to establish that certain defendants' actions, either individually or in combination, caused them specific damages.

The court concluded that only mass torts "arising from a common cause or disaster" are appropriate for class certification. *Id.* at 550. The court reasoned that in situations involving multiple defendants and multiple causes of injury, the individualized issues of causation and damages overwhelm any common issues, thus failing the predominance requirement. *Id.* at 549-50.

In this case, just as in *Ford*, multiple defendants are alleged to have contributed, individually or in combination, to the flooding of the City of Oakdale. Despite plaintiffs' arguments to the contrary, the causes of the claimed injuries to person or property vary from class member to class member. The plaintiffs allege that the railroads installed inadequate box culverts and that they failed to maintain them appropriately thereby causing the plaintiffs to sustain damage when their homes

3

flooded. On the other hand, the plaintiffs contend that the City and Parish designed and maintained an inadequate overall drainage system that caused the plaintiffs' damages. Moreover, the plaintiffs' homes are located in three distinct drainage basins and received varying degrees of damage depending on their individual elevations and surrounding circumstances. Plaintiffs argue that because the actions of all of the defendants caused elevated water levels in all of the drainage basins, it is just a matter of how many inches of water to attribute to each defendant in each area.

We are unconvinced by this argument. Each plaintiff would still need to establish not only that defendant X contributed a certain amount of water to the area but also that defendant X's contribution would have resulted in the alleged damage even if defendant Y had not been negligent. The answers to these questions could vary widely depending on the drainage basin, the elevation of the home, and other individual factors related to each property. Furthermore, despite the fact that the allegations of negligence on the part of the defendants are in the same class of actions, the plaintiffs actually allege specific and different acts of negligence on the part of each defendant. The only common event is the massive rainfall which is not attributable to the defendants.

To summarize, absent a common cause, it will be necessary for each class member to provide individualized proof of causation as well as damages. In addition, the plaintiffs' theory that the combined effect of all the defendants' negligent acts can fulfill the common cause requirement was specifically addressed in *Ford*. The court concluded that such theories were inappropriate for class actions. *Id*. Accordingly, we find that the plaintiffs failed to establish that common issues predominate, and therefore, the trial court abused its discretion in granting class certification. We

4

pretermit discussion of the remaining assignments of error as our resolution of the above issue is dispositive.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed, and the case remanded for further proceedings. All costs of these proceedings are taxed to the plaintiffs-appellees.

**REVERSED AND REMANDED.**

NUMBER 07-1427

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

FAITH BROOKS, ET AL.

VERSUS

UNION PACIFIC RAILROAD COMPANY, ET AL.

**Saunders, J., dissents and assigns written reasons**.


The majority proposes to reverse the trial court's certification ruling on grounds that the class fails to meet the commonality requirement of La.Code Civ.P. art. 591. I disagree, and thus I must respectfully dissent.

This court previously enunciated the proper standard of review for class certification rulings in *Gunderson v. F.A. Richard & Associates, Inc.*, 07-331 (La.App. 3 Cir. 2/27/08), 977 So.2d 1128. There, we explained:

> In order for class certification to be proper, "the burden is on the plaintiffs to establish that the statutory criteria for a class certification are met." *Duhe v. Texaco, Inc.*, 99-2002, p. 11 (La.App. 3 Cir. 2/7/01), 779 So.2d 1070, 1078, *writ denied*, 01-637 (La.4/27/01), 791 So.2d 637; *see also Clark v. Trus Joist MacMillian*, 02-676, 02-512 (La.App. 3 Cir. 12/27/02), 836 So.2d 454, 459, *writ denied*, 03-275 (La.4/21/03), 841 So.2d 793 ("Plaintiffs must establish by preponderance of the evidence that each of the elements for class certification has been met."). However, "[t]he district court has wide discretion in deciding whether to certify a class and the decision will not be overturned absent a finding of manifest error or abuse of discretion." *Roberson v. Town of Pollock*, 05-332, p. 9 (La.App. 3 Cir. 11/9/05), 915 So.2d 426, 432, *writ denied*, 06-213 (La.4/24/06), 926 So.2d 550. Further, "[t]he court should err on the side of maintaining the class action since the judge may always modify or amend the class at any time prior to a decision on the merits." *Clark*, 836 So.2d at 459-60.

*Id.* at 1136-37. Moreover, among the various elements required for class certification, a relaxed standard exists for commonality: *"The test of commonality is*

*not a demanding one*, and requires only that there be at least one issue, the resolution of which will affect all or a significant number of the putative class members." *Duhe*, 779 So.2d at 1078 (emphasis added); *see also Sutton Steel & Supply, Inc. v. BellSouth Mobility, Inc.*, 03-1536 (La.App. 3 Cir. 6/9/04), 875 So.2d. Thus, unless the appellee can show that the trial court not only abused its wide discretion but also misapplied our jurisprudential preference for maintaining class actions by finding that, at the minimum, at least one issue exists the resolution of which stands to affect a significant number of putative class members, both the law of class actions and the facts of the case at bar compel this court to affirm the decision of the trial court.

In reversing the trial court's class certification, the majority relies solely on *Ford v. Murphy Oil U.S.A., Inc.*, 96-2913 (La. 9/9/97), 703 So.2d 542, yet the reasoning behind that decision renders it quite distinct from the question presented here. In *Ford*, the supreme court was asked to decide whether certification was proper where four petrochemical plants allegedly caused physical and property damage to putative class members as a result of chemical emissions over an extended period of time. In making that decision, it is important to point out that the *Ford* court took its cue from the supreme court's previous decision in *McCastle v. Rollins Environmental Services of Louisiana, Inc.*, 456 So.2d 612. There, the supreme court found certification proper where "there exists as to the totality of the issues a common nucleus of operative facts such as would justify the allowing of a class action to proceed." *Id.* at 620. In finding that no such common nucleus of operative facts existed in *Ford*, then, the court based its decision primarily on the difficulties of linking specific instances of acts or omissions to the specific damages claimed by the class members therein:

2

> [E]ach class member will necessarily have to offer different facts to establish that certain defendants' emissions, either individually or in combination, caused them specific damages on yet unspecified dates (which dates may run into the hundreds or even thousands). The causation issue is even more complicated considering the widely divergent types of personal, property, and business damages claimed and considering each plaintiffs' unique habits, exposures, length of exposures, medications, medical conditions, employment, and location of residence or business . . . *By the very nature of the claims that have been made, the length of time involved, and the vast geographical area in which the class members live, the degree of inconvenience or damage suffered will vary greatly as to individual plaintiffs.*

*Id.* at 548-49 (emphasis added). Here, by contrast, virtually none of the complications that precluded *Ford* from finding a common nucleus of operative facts exist. Rather than involving the conduct of indeterminate occasions spanning hundreds or thousands of days, each of the claims sought to be cumulated in the case at bar arose during the course of a single, two-day-long rainstorm. Rather than a case characterized by a panoply of alleged damages, the instant case overwhelmingly involves claims of property damage resulting from the floodwaters linked to that rainstorm. Rather than forming a broad swath of claimants across a vast geographical area, the class members here all reside in and around the City of Oakdale in Allen Parish, Louisiana. Thus, rather than a situation analogous to that existing in *Ford*, the case at bar easily satisfies the *McCastle* test of presenting a common nucleus of operative fact. Indeed, given the incongruity between the circumstances existing in *Ford* and those present here, it is somewhat curious that the majority would place so much persuasive authority on *Ford*—particularly in light of the fact-specific nature of the supreme court's reasoning in that case. In reality, *Ford* is of virtually no moment in the proper resolution of the instant matter.

Furthermore, the principles for which *Ford* purports to stand are no longer valid in light of subsequent jurisprudence issuing from the supreme court. The

majority employs *Ford* for the proposition that where, as here, a situation involves multiple defendants and multiple causes of injury, the individualized issues of causation and damages will overwhelm any common issues, thus failing the predominance requirement, yet the supreme court repudiated the notion that variance in the amount of damages due to class members was sufficient—or even relevant—to the issue of commonality: "As we have made clear before and repudiate today, the mere fact that varying degrees of damages may result . . . or that class members must individually prove their right to recover *does not* preclude class certification." *Bartlett v. Browning-Ferris Indus. Chem. Servs., Inc.*, 99-494 (La. 11/12/99), 759 So.2d 755, 756.

Moreover, this court rejected the notion that alleging multiple potential causes for an injury necessarily invalidates class certification in *West v. G & H Seed Co.*, 01-1453 (La.App. 3 Cir. 8/28/02), 832 So.2d 274. There, we were asked whether the existence of three potential causes of increased mortality rates of crawfish on crawfish farms was sufficient to defeat commonality for class certification purposes. In holding that it was not, we reasoned: "A contrary finding would leave us wondering how any negligence class action suit could ever be certified, since every negligence analysis requires a determination of causation, including the potential presence of intervening or superceding causes."

Taking all of the foregoing into consideration, I must disagree with the majority's conclusion that the instant case lacks sufficient commonality to satisfy the requirements for class certification. Judging from the record, the trial court was well within its vast discretion in concluding that the liability of either the railroad, the City of Oakdale, or Allen Parish is an issue which will—at the bare minimum—affect a

4

significant number of the putative class members in the instant case, which is the applicable threshold for commonality under *Duhe*, 779 So.2d 1070. Not only does *Ford*, 703 So.2d 542, do nothing to frame the trial court's decision as manifestly erroneous, but it's status as the sole authority on which the majority relies marks the conclusion to reverse as supported by neither the facts of the instant case nor the applicable law of class action certification. Further, although the majority strongly suggests that the commonality requirement would be met in this case were the action to be split along the lines of the drainage basins involved into three separate class actions, judicial efficiency would almost certainly dictate that those actions be cumulated had they begun in such a way.

I further note that, although the majority saw fit to reverse after discussion solely on the issue of commonality—thus pretermitting discussion of the remaining assignments of error asserted by appellants—a review of the remaining arguments offered by appellants proves equally unpersuasive in compelling a reversal of the trial court's class certification ruling. In all respects, I find certification of the case at bar to be supported by the facts of the case and the law of class actions. Thus, I dissent.