TRACY THIBODEAUX, ON BEHALF OF HERSELF & ALL OTHERS SIMILARLY SITUATED
v.
LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION.
No. 2009 CA 1304.
Court of Appeals of Louisiana, First Circuit.
February 12, 2010.
Not Designated for Publication
JASON L. MELANCON, Frank Tomeny, III Baton Rouge, Louisiana, Counsel for Plaintiff/Appellee Tracy Thibodeaux.
DARREN A. PATIN, JOHN T. CULOTTA, LAUREN E. BRISBI, METAIRIE, LOUISIANA, Counsel for Defendant/Appellant Louisiana Citizens Property Insurance Corporation.
Before: DOWNING, GAIDRY and McCLENDON, JJ.
McCLENDON, J.
Louisiana Citizens Property Insurance Corporation (Citizens) appeals a judgment certifying this matter as a class action. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Tracy Thibodeaux (Thibodeaux) filed the instant action on July 28, 2008, on behalf of herself and a putative class of similarly situated insureds of Citizens. Thibodeaux alleges that Citizens charged a $65.00 "Application Fee" to its policy holders, but violated LSA-R.S. 22:85s[1] by failing to include the fee in the premium in the policies for each policy issued. Thibodeaux alleges that she and all other policy holders are entitled to full reimbursement of the application fee and that each policyholder has an independent cause of action for breach of contract. In her petition, Thibodeaux sought (1) a declaration that Citizens' failure to include the $65.00 application fee as part of the dollar amount of the premium disclosed on the policy violated LSA-R.S. 22:855[2]; (2) an injunction requiring Citizens to include any future application fee as part of the dollar amount of the premium disclosed on all future policies; and (3) reimbursement of those application fees charged to herself and all other putative class members.
On October 30, 2008, Thibodeaux filed a Motion for Class Certification. Following a hearing, the court found that the matter satisfied the certification requirements found in LSA-C.C.P. art. 591 and issued a judgment granting class certification. The judgment defined the class as follows:
All persons charged an "Application Fee" that was not included in the dollar amount of the premium disclosed on the policy of insurance delivered by Louisiana Citizens Property Insurance Corporation.
Citizens has filed the instant appeal, asserting that the requirements for class certification were not met.

APPLICABLE LAW
Louisiana Revised Statutes 22:855 requires that the premium quoted by the insurer be a specific dollar amount and that each policy delivered to the insured have the full and accurate dollar amount of the premium disclosed on the policy, which amounts shall be inclusive of all fees, charges, premiums, or other consideration charged for the insurance or the procurement thereof. LSR.S. 22:855(A) and (C). Further, no insurer shall charge or receive any fee, compensation, or consideration for insurance which is not included in the premium quoted to the insured and the premium specified in the policy delivered to the insured. LSA-R.S. 22:855(B)(1). Any person who aids, assists in, or procures the preparation of any invoice, insurance policy, or any other document used in the charging of any fee, compensation, or other consideration, except as provided in LSA-R.S. 22:855(B) and (C), which is not included in the premium quoted by the insurer and in the premium disclosed on the policy shall be liable to the insured. LSA-R.S. 22:855(D)(1).
Louisiana Code of Civil Procedure article 591 governs class actions and provides that a class action is a proper procedural device when:
1) The class is so numerous that joinder of all members is impracticable.
2) There are common questions of law or fact common to the class.
3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
4) The representative parties will fairly and adequately protect the interests of the class.
5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.
* * *
LSA-C.C.P. art. 591(A). The five prerequisites for class certification in Article 591(A) are generally called numerosity, commonality, typicality, adequate representation, and an objectively definable class. Display South, Inc. v. Graphics House Sports Promotions, Inc., 07-0925, p.6 (La.App. 1 Cir. 6/6/08), 992 So.2d 510, 518, writ not considered. 08-1562 (La. 10/10/08), 993 So.2d 1274. All of the foregoing elements must be present for an action to be certified as a class action. LSA-C.C.P. art. 571(B). The initial burden to establish these elements is on the party seeking to maintain the class action. Singleton v. Northfield Ins. Co., 01-0447, p. 9 (La.App. 1 Cir. 5/15/02) 826 So.2d 55, 62, writ denied, 02-1660 (La. 9/30/02), 825 So.2d 1200. If the prerequisites in Article 591(A) are satisfied, the trial court must also find that one of the subsections in Article 591(B) is met before the matter can be certified as a class action.[3]
The only issue to be considered by the trial court in ruling on certification, and by this court on review, is whether the case at bar is one in which the procedural device of a class action is appropriate. In determining the propriety of a class action, the court is not concerned with whether the plaintiffs have stated a cause of action or the likelihood that they ultimately will prevail on the merits. Robichaux v. State ex. rel. Dept. of Health and Hospitals, 06-0437, p. 9 (La.App. 1 Cir. 12/28/06), 952 So.2d 27, 34, writs denied. 07-0567, 07-0580, 07-0583 (La. 6/22/07), 959 So.2d 503 and 504. A trial court's decision to certify a class is a two-step process. Therefore, appellate review of such decisions also follows a two-step analysis. The trial court must first determine whether a factual basis exists for certifying the matter as a class action. These factual findings are reviewed on appeal pursuant to the manifest error standard of review. If the trial court finds that a factual basis exists for certifying the action, it then exercises its discretion in deciding whether to certify the class.
This aspect of the judgment is reviewed pursuant to the abuse of discretion standard. Unless a trial court committed manifest error in its factual findings or abused its discretion in deciding that class certification is appropriate, we must affirm the trial court's determination. Paradise v. Al Copeland Investments, Inc., 09-0315, pp. 5-6 (La.App. 1 Cir. 9/14/09), 22 So.3d 1018, 1021-22.

DISCUSSION
Citizens urges that class action certification was improper because the putative class does not meet the requisite "commonality" requirement found in LSA-C.C.P. art. 591(A)(2). However, we note that the test of commonality is not a demanding one, and requires only that there be at least one issue, the resolution of which will affect all or a significant number of the putative class members. Display South, Inc., 07-0925 at p. 7, 992 So.2d at 518. Thibodeaux contends that the application fee, although separately invoiced, was not included in the premium specified on the insurance policy Citizens delivered to its insureds. As such, the common question of law and fact to be decided by the trier of fact is whether Citizens' alleged failure to include the application fee in the premium specified on the insureds' policies constituted a violation of LSR.S. 22:855. Resolution of this issue will affect the entire putative class. Therefore, a reasonable factual basis exists and the court did not manifestly err in finding that the commonality requirement was met.
Citizens also contends that the class is not defined by objective, ascertainable criteria as required by LSA-C.C.P. art. 591(A)(5). However, we note that the class is limited to "[a]ll persons charged an `Application Fee' that was not included in the dollar amount of the premium disclosed on the policy of insurance delivered by Louisiana Citizens Property Insurance Corporation." Therefore, we reject this contention.
Citizens does not challenge the trial court's findings with regard to numerosity, typicality, or adequate representation. Because the requirements in Article 591(A) have been satisfied, to maintain a class action, one of the requirements in Article 591(B) must also be met. Plaintiffs submit that the requirements set forth in Article 591(B)(2) and (3) were met. Therefore, we have focused on these provisions and begin our analysis with the latter.
Although the commonality requirement under Article 591(A)(2) has been met, a court may certify a class under (B)(3) only if it finds that the common questions predominate over questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. LSA-C.C.P. art. 591(B)(3), Robichaux, 06-0437 at p. 10, 952 So.2d at 34. The matters pertinent to these findings include:
(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(c) The desirability or undesirability of concentrating the litigation in the particular forum;
(d) The difficulties likely to be encountered in the management of a class action;
(e) The practical ability of individual class members to pursue their claims without class certification;
(f) The extent to which the relief plausibly demanded on behalf or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation[.]
LSA-C.C.P. art. 591(B)(3).
In determining whether the class should be certified, the court must consider the weight of the individualized aspects of the claims asserted. See Ford v. Murphy Oil USA, Inc., 96-2913, p. 11 (La. 9/9/97), 703 So.2d 542, 548-49, and Defraites v. State Farm Mut. Auto. Ins. Co., 03-1081 (La.App. 5 Cir. 1/27/04), 864 So.2d 254, writ denied, 04-0460 (La. 3/12/04), 869 So.2d 832.[4] Citizens asserts that there are several factors which are not "common" to the class, but individualized to each insured, including knowledge, acceptance, cause, consideration, and estoppel. Citizens also notes that Thibodeaux has alleged that Citizens breached its contract with each of the policyholders named in the putative class. Citizens concludes that these individualized issues preclude this matter from being certified as a class action.
In support, Citizens relies on Banks v. New York Life Ins. Co., 98-0551 (La. 7/2/99), 737 So.2d 1275, cert. denied, 528 U.S. 1158, 120 S.Ct. 1168, 145 L.Ed.2d 1078 (2000), wherein the plaintiffs, who alleged various acts of fraud and negligent misrepresentations against New York Life Insurance Company and its agents, sought to have the matter certified as a class action. The Louisiana Supreme Court found that a class action was inappropriate because the trial court would be required to "scrutinize each plaintiff's case individually to determine whether the oral representations were at odds with the written disclosures and analyze whether plaintiffs relied upon oral statements, written materials or both." Banks, 98-0551 at p. 10, 737 So.2d at 1281-82.
However, we note that this case does not involve fraud, fraudulent misrepresentations, or any oral representations made to the insureds. Also, there are no specific contractual provisions requiring interpretation with regard to each individual member. Rather, the determinative issue is whether the failure to include the application fee in the dollar amount of the premium disclosed on each insured's policy violates LSA-R.S. 22:855. Accordingly, the claims at issue present common questions of fact and law that predominate over any questions affecting only individual members of the class.
The class action is also superior to other available methods for the fair and efficient adjudication of this issue and will allow the trial court to apply LSR.S. 22:855 uniformly. In addition, absent a class certification, there would be no practical ability for the members to pursue their claims insofar as the damages they seek would be nominal in nature and would not justify the filing of individual suits to recover the application fee. Therefore, we find no error in the trial court's finding that the requirements under Article 591(B)(3) were met. Because we have found certification appropriate under Article 591(B)(3), we need not address whether certification would be appropriate under (B)(2).

CONCLUSION
For the foregoing reasons, we find no manifest error in the court's factual findings, nor do we find an abuse of discretion in its decision to certify the class. Accordingly, we affirm the judgment certifying the class in this case. All costs of this appeal are assessed against Citizens.
AFFIRMED.
NOTES
[1] The statute was designated as LSA-R.S. 22:627 when the instant suit was filed, but was renumbered as 22:855 by 2008 La. Acts. No. 415, §1, effective January 1, 2009.
[2] See FN1.
[3] Thibodeaux asserts that the applicable subsections in LSA-C.C.P. art. 591(B) are subsections (2) and (3), which provide:

(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy...
[4] We note that in both cases the class certification was found to be inappropriate based on the necessity for proof and assessment on an individual basis.