651 So.2d 473 (1995)
NORCEN EXPLORER, INC., Plaintiff-Appellee,
v.
JUDITH OWEN MILLER KAVANAGH, et al., Defendant-Appellant.
No. 94-1058.
Court of Appeal of Louisiana, Third Circuit.
March 1, 1995.
*474 Richard W. Revels Jr., Lafayette, for Norcen Explorer, Inc.
Robert John Bruno, New Orleans, George Pivach II, Belle Chasse, for Judith Owen Miller Kavanagh et al.
William Seay Strain, Lafayette, for Sasi Minerals Co.
Gregory O. Currier, Metairie, for Mary Edna Miller Stoebner.
William Joseph Mize, Lake Charles, for Ary Lynn Currier et al.
Before LaBORDE, COOKS and WOODARD, JJ.
COOKS, Judge.
This is an appeal in a concursus proceeding instituted by Norcen Explorer, Inc. (Norcen) to determine the ownership of a portion of the proceeds from an oil and gas well it drilled and operated. Norcen's well is located on property in Cameron Parish that was the subject of a conveyance in 1979. The vendor of that property, Judith Owen Miller Kavanagh, contends she expressly reserved all mineral royalties in the Act of Credit Sale. The trial court, however, disagreed and granted judgment in favor of the current owners of the property. Kavanagh appeals.

FACTS
Judith Kavanagh and her siblings inherited several thousand acres of land in Cameron and Vermilion Parishes when their father died in 1974. Judith entered negotiations with Edward J. Stein of Choupique Enterprises, Inc. (Choupique) to sell her undivided one-eighth interest in the property. In an Agreement to Purchase, Kavanagh agreed to convey to Choupique all of her land holdings in Cameron and Vermilion Parishes except her "interest in ... any mineral royalty interest owned by any trust Kavanagh is a beneficiary of." The Agreement to Purchase also contained a provision that allowed the parties to make changes to the Agreement in writing. An Act of Credit Sale was subsequently executed by Kavanagh and Choupique with the provision "Vendor expressly reserves from the conveyance all mineral royalties owned by her or any and all trusts of which she is a beneficiary."
Choupique granted Kavanagh a first mortgage in the Act of Credit Sale. In addition, to secure the purchase price, Choupique assigned to Kavanagh all of its
right, title and interest in and to the rents, royalties and bonuses accruing and to accrue and due and to become due and payable under and pursuant to all contracts of lease, rental, including mineral leases, and occupancy now in effect or hereafter entered into by Mortgagor and covering any portion or portions of the property hereinabove described and herein and hereby mortgaged.
*475 The Act of Credit Sale also granted Kavanagh the right to collect all rents, royalties and bonuses "until all obligations of the Mortgagor under this mortgage and under the Note secured hereby have been paid and discharged in full...." All income received, including the proceeds of production from mineral leases, was credited to the principal and interest owed on the note. The Agreement to Purchase provided that once the annual payment was made, Kavanagh had to return fifty percent of any excess income to Choupique and the remaining fifty percent had to be applied to the principal and interest.
In 1983, Choupique obtained a loan from Calcasieu Marine National Bank and paid off the remaining balance owed to Kavanagh. The property was mortgaged and the mineral interest was pledged to Calcasieu Marine. Thereafter, Choupique retained the income from the property. Choupique later conveyed a one percent of one hundred percent undivided interest in the property to Federated Natural Resources Corp. (Federated). The Kaplans subsequently acquired one-third of the one percent interest Choupique conveyed to Federated.
In November 1987, Choupique was placed into bankruptcy. Kavanagh's siblings, who will be referred to as the Millers, purchased Choupique's remaining undivided interest in the property from Choupique's Bankruptcy Trustee. In 1989, the Millers and the Kaplans granted Norcen mineral leases affecting the property and minerals that had been conveyed by Kavanagh to Choupique. Production began at Norcen's well, and this concursus proceeding followed.
Kavanagh argued she expressly reserved her interest in the mineral royalties associated with the property she conveyed to Choupique. The trial court disagreed after reviewing the entire document. The court concluded the reservation clause was not a reservation of minerals on the property conveyed to Choupique. Applying LSA-R.S. 31:85(2), the court reasoned Kavanagh could not have a mineral right in property "owned by her," which is the phrase used in the Act of Credit Sale. The court further noted Kavanagh had the right to collect royalties from any mineral leases, but she was required to credit this income against the sale price. The court thus concluded Kavanagh's right to collect the royalties was extinguished when the mortgage was satisfied. The trial court rendered summary judgment in favor of the Millers, and Kavanagh appeals.

DISCUSSION
LSA-C.C.P. art. 966 provides that a motion for summary judgment shall be rendered forthwith if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact, and mover is entitled to judgment as a matter of law. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall affirmatively show the affiant is competent to testify to the matters stated therein. LSA-C.C.P. art. 967. The mover has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt must be resolved against granting the motion. Bradford v. Louisiana Downs, Inc., 606 So.2d 1370 (La.App.2d Cir.1992). Summary judgment is seldom appropriate when there is a question relating to subjective facts such as intent, knowledge, motive, malice or good faith. Holbrook v. Holliday, 93-1639 (La. App. 3d Cir. 6/1/94), 640 So.2d 804, 644 So.2d 642 (La.1994).
Appellate courts review summary judgment de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
Kavanagh argues she reserved her right to receive mineral royalties in the Act of Credit Sale. She acknowledges one cannot own a royalty on one's own property, but she claims her mineral royalty was created when the property was conveyed to Choupique. The Millers contend Kavanagh was reserving her mineral rights in property in Cameron Parish owned by another party that already existed when she executed the Act of *476 Credit Sale. They further note provisions of the contract indicate ownership of the mineral rights was conveyed to Choupique. In particular, they note the contract states Choupique's assignment of all rents, royalties and bonuses to Kavanagh as security for the purchase price, Choupique's right to receive fifty percent of the income that exceeded the annual payment due, and Choupique's right to negotiate mineral leases on the property. Kavanagh responds they agreed all income from the property, regardless of its source, would be applied against the purchase price and she was entitled to all of the income from the property after the note was paid off.
Legal agreements have the effect of law between the parties, and courts are bound to give legal effect to all such contracts according to the true intent of the parties. Eiche v. East Baton Rouge Parish School Board, 623 So.2d 167 (La.App. 1st Cir.), writ denied, 627 So.2d 657 (La.1993). The parties' intent is to be determined by the words of the contract. When they are clear and explicit, the terms of the contract must prevail, and the court should look no further in determining the intent of the parties. Schroeder, supra. Only where the terms of the agreement are unclear, ambiguous or will lead to absurd consequences may the court go beyond the original agreement to determine the true intent of the parties. Eiche, supra.
This court finds the Act of Credit Sale is not ambiguous. Kavanagh asks us to construe one provision of the contract and ignore the meaning and implications of the remaining provisions. However, one portion of a contract cannot be construed separately at the expense of disregarding another. Pareti v. Sentry Indem. Co., 536 So.2d 417 (La.1988). All proceeds from production were applied to Choupique's note. Choupique received fifty percent of the proceeds when the income from the property exceeded the annual payment and fifty percent was credited to the note. Further, Choupique had the right to negotiate mineral leases. These provisions of the contract are not consistent with Kavanagh's claim that she retained the mineral rights in the property. They are consistent with the Millers' assertion that Kavanagh was simply reserving her pre-existing mineral rights.
Accordingly, the trial court's judgment is affirmed. Costs are assessed to Julie Kavanagh.
AFFIRMED.
LaBORDE and WOODARD, JJ., concur in the result.